60 709
f86 492

IN THE

# SUPREME COURT OF MISSISSIPPI,

AT THE

## APRIL TERM, 1883.

---

### J. M. AYERS *v.* THE STATE.

1. CRIMINAL LAW. *Homicide.* *When not by accident or misfortune.* *Sect. 2879, Code 1880, construed.*
Where, in the trial of an indictment for murder, it is proven that the accused struck the deceased a blow with a dangerous weapon impelled with such violence as would ordinarily result in the infliction of serious injury, and which, in fact, produced the death of the deceased, it cannot be said that the killing was the result of accident or misfortune within the meaning of sect. 2879 of the Code of 1880, which provides that, "the killing of a human being shall be excusable when committed by accident and misfortune, in the heat of passion, upon any sudden and sufficient provocation."

2. SAME. *Practice.* *Right of counsel to read law to jury.*
Where the court on the trial of a murder case has refused to give, in charge to the jury, a section of the Code not applicable to the case, it may also properly refuse to permit counsel to read the section to the jury, either as a part of his argument or as the law of the case.

3. SAME. *Trespasser.* *Right of owner of premises to evict or restrain.*
The owner of property, on his own premises, has the right by force to evict a trespasser therefrom, or to restrain the trespasser from injuring his person or property, and he is justified in arming himself with any weapon and in using it to the extent of slaying the trespasser if it should become necessary, in the progress of the difficulty, to protect his life or person from a felonious assault.

4. SAME. *Assault in protecting person or property.* *Effect on right of self-defence.*
The fact that the owner of property, on his own premises, assaults a trespasser to protect his person or his property, does not deprive him of his right to defend himself against the violence of the trespasser induced by such assault.

( 709 )

APPEAL from the Circuit Court of Lafayette County.

Hon. W. S. FEATHERSTON, Judge.

Appellant was indicted for murder in the killing of H. B. Boon. He was a tenant of Mrs. Boon, wife of deceased, and was indebted to deceased for supplies furnished during the year 1882. The deceased went to the house where the accused kept his corn for the purpose of taking possession of it, and was in the act of locking up the house in which the corn was, when the accused came up behind him, and struck him two severe blows upon the head with a billet of wood, five or six inches in width and several feet in length, which felled him to the ground. Death resulted from these blows within a few days. The deceased had announced to the accused a few moments before this, in the cotton patch of the latter, his intention to take possession of the corn, but the accused protested against it. Deceased then went off for a lock and chain, and accused went to his house. As Boon entered the yard he was warned by the accused, but he paid no attention to his protests, and proceeded to lock up the corn, and was in the act of fastening the chain about the door of the smokehouse, in which the corn was, when Ayers walked rapidly towards him, taking up the billet of wood as he advanced, and ordering Boon to desist and leave the premises.

Several witnesses for the accused testified that just before the fatal blows were struck, Boon turned around upon him and placed his hand in his pocket as if to draw a knife or pistol. But on this point the testimony was conflicting. The court below refused to charge the jury for the defendant with reference to the homicide as one which, under sect. 2879 of the Code of 1880, is made excusable. Counsel for the accused, on the trial of the case, attempted to read this section to the jury in the course of his argument, but the court refused to allow it to be read, either as a part of his argument or as a charge by the court to them. To this action of the court an exception was taken. The eighth instruction for the State is in these words: "If the jury believe from the evi-

dence that Boon threatened to lock the smoke-house of Ayers, or kill him if he resisted his attempt to do so ; and if they further believe' from the evidence that when Boon was engaged in trying to lock said smoke-house, and when he was engaged in no attempt. to kill said Ayers, or to do him any great bodily harm, and when Ayers had no reasonable grounds to apprehend a felony from him, he, the said Ayers, armed himself with any deadly weapon for the purpose of preventing him from locking up the said house, or in the event he failed in doing so to seek a difficulty with Boon ; and if they further believe from the evidence that the defendant intended only to use the said weapon, provided it became necessary during the difficulty, in order to overcome Boon, and that being so armed and with such intention, he sought and brought on a difficulty with Boon at the smoke-house, and struck him a blow with said weapon from which he died, then said killing is murder, even though at the moment he struck Boon, the defendant was in actual apparent danger of losing his own life.'' Accused was convicted, the jury recommending imprisonment for life.   From the judgment of the court below he appealed to this court.

*Sullivan & Sullivan,* for the appellant.

The court erred in refusing (in this murder case)' to allow counsel to read law, especially under the supervision and control of the court.   This point has not been, so far as we are aware of, before this court.   But see' *Cavanaugh's Case,* 56 Miss. 309 ; *Smith* v. *The State,* 58 Miss. 872 ; Horr. & Thomp. on Self-Def. 559.   The eighth instruction for the State proceeds upon the theory that defendant Ayers was the aggressor, and sought and brought on the difficulty.   The whole evidence in the case shows that this is not true, and it is not so claimed by the State's testimony.   This charge should have been refused, because not applicable to the testimony, and it is calculated to mislead and prejudice. If this case is not embraced under the Code of 1880, sect. 2879, as an excusable homicide, '' by accident and misfortune

in the heat of passion upon a sudden and sufficient provocation," it is difficult to find or conceive of a case that would. Under the worst that can be made of it, the facts could not possibly warrant more than manslaughter.

*T. C. Catchings*, Attorney-General, for the State.

If a homicide be committed intentionally, but in the heat of passion, upon any sudden and sufficient provocation, it is manslaughter. If it be committed by accident and misfortune, in the heat of passion, upon any sudden and sufficient provocation, it is, under sect. 2879, excusable homicide. It follows, from this, that there can be no excusable homicide, where it is committed with a deadly weapon; for if a deadly weapon be used, the natural and reasonable effect of which is to produce death, it cannot be said that the death was caused by accident or misfortune. This view is supported by the closing paragraph of said section, to wit: " Or upon any sudden combat, without any undue advantage being taken, and without any dangerous weapon being used, and not done in a cruel or unusual manner.". By this paragraph, homicide is excusable, if committed intentionally, provided it be committed upon sudden combat, without undue advantage being taken, without the use of a dangerous weapon, and not in a cruel or unusual manner. In the one case, the homicide must have been committed by accident and misfortune; in the other it may have been committed intentionally; but in neither must a deadly weapon be used. In this view of the statute, it is manifest that it had no applicability to the facts of this case. But the killing was not justifiable, merely in order to protect the property from the felonious attempt; it was justifiable in order to protect the owner from danger to life or limb. Having the lawful right to defend his property, he had the right in so doing to protect himself from danger to life or limb, even to the extent of taking the life of the aggressor. But he did not have the right to take the life of the aggressor, unless his own life or limbs were put in real or apparent danger, even though there were no other means of preventing the accomplishment of the felonious design upon his property.

COOPER, J., delivered the opinion of the court.

The court did not err in declining to charge the jury with reference to the homicide as one which under any phase of the evidence could be considered as falling within those which, by sect. 2879 of the Code of 1880, are made excusable ; it cannot be said that the killing was by " accident or misfortune " in the sense in which these words are used in said section. The weapon used by the accused was a dangerous weapon, used with such violence as would ordinarily result in the infliction of serious injury, and was intentionally used by him. Under such circumstances where death follows it cannot be said to have been the result of " accident or misfortune." As it was not error for the court to refuse to give this section in charge to the jury as the law which did or might govern them in their deliberations, neither was it error to refuse to permit it to be read to the jury by the counsel for the accused in his speech, either as a part of his argument, or as the law of the case. The court refused to give this section in charge to the jury, not because it was not correct as an abstract proposition of law, but because it was not applicable to the facts developed, and counsel must in all cases be governed in such matters by the opinion of the court. If error is committed in refusing the charge, that may be corrected by appeal, but the effect of a refusal by the court to charge the jury as desired by the accused cannot be obviated or avoided by the action of counsel in reading to the jury as a part of his argument any statute, decision, or text-book announcing the law to be as stated in the charges which have been refused by the court. The court erred in giving the eighth instruction on behalf of the State.

The evidence does not disclose any intention on the part of the accused to " seek a difficulty with the deceased," nor any facts from which the jury could rightly infer such intention.

It cannot be said that a man on his own premises seeks a difficulty with a trespasser whom he attempts to evict therefrom, or to restrain from an unwarrantable injury to or

control over his property. The accused, under the circumstances shown by the evidence, had the right in law to interpose by force to prevent the commission of the trespass by Boon; he was authorized to arm· himself with whatever weapon he desired, and to use it to the extent of slaying the trespasser if it should become necessary, in the progress of the difficulty, to protect his own ·life or person against a felonious assault. No man is required by law to yield possession of his property to the unlawful claim of another. He may defend his possession; and while he may not kill to prevent the trespass, he may kill to protect his own person against a deadly assault made by the trespasser on him. In other words, one who assaults a trespasser to prevent the injury threatened is the actor but not the aggressor in the difficulty, and he does not lose the right of self-defence because he makes the attack.

Reversed and new trial awarded.