HIGGENBOTHAM *v.* STATE.

No. 41397        December 14, 1959        116 So. 2d 407

*Morse & Morse*, Poplarville, for appellant.

*G. Garland Lyell, Jr.*, Asst. Atty. Gen., Jackson,·for appellee.

McGEHEE, C. J.

The appellant, W. J. Higgenbotham, was indicted for assault and battery with intent to kill and murder one Enoch Bourne, was tried and convicted in Jackson County, Mississippi, for simple assault and battery and sentenced to pay the maximum fine of $500. There had been one mistrial of the case, and in the meantime his attorney, Charles Mitchell of the local bar, died. He undertook to defend his case on the last trial without the aid of counsel. While he asked for a peremptory instruction in his favor, which was refused, he evidently did not know that it would be necessary for him to file a motion for a new trial to raise the question here as to whether his conviction was against the overwhelming weight of the evidence. But in view of the conclusion that we have reached under all of the facts and circumstances, the failure to file the motion for a new trial on the ground above-mentioned is not controlling in this particular case.

It appears from the evidence that the City of Pascagoula owned a parcel of land on the waterfront, and that by some arrangement, not disclosed by the record, one Guy Ros owned a small tin structure or building on this land and that he also had a large locker thereon in which he kept large quantities of frozen fish stored. The nature and duration of the tenancy of Ros is not disclosed by the testimony.

At any rate, the City of Pascagoula leased the parcel of land to the Quaker Oats Company in February 1958, which we know, from the record in a civil case recently before this Court, was having a labor dispute with the fishermen's labor union or unions in Pascagoula. Without giving Ros any notice and opportunity, so far as the record discloses, to remove the buildings and other improvements from the premises, including a large quantity of frozen fish, an eviction proceeding was instituted in the local court, and the case was decided in favor of the lessee, Quaker Oats Company, but was pending on

appeal by Ros to the circuit court at the time of the happening of the events hereinafter mentioned.

On the occasion in question, February 17, 1958, Ros had been arrested for trespass on the premises as a result of his trying to protect his property thereon. While he was at the City Hall making bond, Floyd Shelton, as contractor, Enoch Bourne, victim of the alleged assault and battery, and two white men, in the employ of Floyd Shelton, went upon the premises and were demolishing the tin building with axes. Two of them, Shelton and Bourne, as witnesses upon the trial of this case, admitted that they had pleaded guilty to trespass on the premises and were fined $25 each and that these fines had been paid. When they returned to the premises on the occasion in question, Ros asked the appellant Higgenbotham to go down to where the building and locker were located, and to prevent the same from being destroyed. He testified that he sent Higgenbotham to the premises to protect all of the property that he had there.

On the arrival of Higgenbotham at the scene he found that Floyd Shelton, Enoch Bourne, and two white members of Shelton's crew, had already torn down almost all of the small tin building and were using axes to complete the demolishment. The proof shows that Shelton and his helpers were sent to the scene by the Quaker Oats Company.

It is undisputed that while Higgenbotham was at the scene on the occasion here in question, the workmen had disconnected the electric current from the frozen locker in which large quantities of fish were stored, and that at the very moment of the alleged assault and battery Enoch Bourne was engaged in tearing from the wall an electrical switch box. The appellant reconnected the electric current to protect the frozen fish of Ros from being completely destroyed but Shelton or some member of his crew disconnected the current again.

The appellant then appealed to at least two police officers who were present to arrest the members of this crew and not permit them to destroy Ros property. The officers refused to do anything, according to the undisputed testimony of one of them, and on the ground that there was some dispute as to the ownership of the property. The workmen were engaged in the commission of an offense prohibited by law, and in the very presence of these officers, instead of the workmen waiting until the dispute as to the ownership of the property could be determined and Ros given a reasonable opportunity to remove his improvements and frozen fish from the premises.

Upon failing to obtain the assistance of the officers to prevent the destruction of Ros' property, the appellant picked up an angle iron, the size and weight of which is not disclosed by the record, but which was introduced in evidence before the jury, and threw the same toward Enoch Bourne at the time he was trying to remove a switch box from the wall, and the angle iron struck a table and glanced therefrom and struck Enoch Bourne on his arm, causing a bruise about the size of a dime. Bourne testified that if the iron had not struck the table and glanced that he thought it would have missed him. Bourne was asked the questions "How hard did it hit you? Did it hit you pretty hard?" and answered "It did not hit me hard. It just hit me hard enough to break the skin."

Whether the appellant threw the iron toward Enoch Bourne merely to scare or deter him from continuing his trespass on the property or intended to hit him with the same is not clearly established by the testimony beyond a reasonable doubt.

Ros sued the Quaker Oats Company for a willful and unwarranted trespass against his property and recovered a judgment for $1,500, which the record in this case shows had been paid.

In 6 C. J. S., Section 20, p. 819, the general rule of law is stated to be as follows: "A lawful owner or occupant of premises, or one claiming title and rightfully in possession, may retain possession and use such force as may be reasonably necessary to prevent an unlawful entry, or to remove trespassers or intruders, or persons, originally on the premises by license or permission, who refuse to leave on request, and are given a reasonable time in which to do so, provided, in some jurisdictions, the occupancy which is being protected is an exclusive one. The fact that intrusion on land a refusal to depart on request is a misdemeanor will not affect the right of the landowner to resist forcibly or expel the wrongdoer."

We think that the appellant, as the agent and employee of Ros, had the same right to use reasonable force to protect the property of Ros to the same extent that Ros would have had if he had been present. The rule of law hereinbefore quoted from 6 C. J. S. is not contrary to the rule expressed by this Court in the cases of Ayers v. State, 60 Miss. 709, and Boykin v. State, 86 Miss. 481, 38 So. 725.

We have concluded that under all of the facts and circumstances the evidence in this case is insufficient to show beyond a reasonable doubt that the appellant used more force than was reasonably necessary in an effort to protect the property of his employer Ros from complete destruction. He threw the angle iron at a distance of at least thirty feet from Enoch Bourne, and in order for him to have intended to have struck him with the iron, beyond every reasonable doubt, it is not understandable as to why he would have thrown the same on top of a table which was between him and Bourne, instead of going nearer to Bourne to hit him with it. It is true that the appellant could have walked away and let these workmen completely destroy "the thousands of pounds of frozen fish" in the locker and

the other property of Ros, and thereby fail to discharge the obligation that he had assumed to Ros as his agent and employee to protect whatever property Ros had on the premises. The workmen left no course open to the appellant except to use such force as was reasonably necessary to protect the property or walk away and permit it to be completely destroyed. We do not think the proof is sufficient to show beyond every reasonable doubt that the appellant used more force than was reasonably necessary in an effort to protect his employer's property, and that he was entitled to the peremptory instruction requested by him.

Reversed and appellant discharged.

*Hall, Lee, Holmes* and *Ethridge, JJ.*, concur.