### SIMON (A SLAVE) *v.* STATE, 36 Miss. R., 636.

#### HOMICIDE.

A confession by a prisoner to his jailor, on several occasions, is admissible as evidence against him, although before his confinement he had been induced to make the confession by undue influence.

Error to Copiah circuit court.

McNAIR, J.:

The plaintiff in error was indicted and convicted in the murder of Norvall, another slave.

During the progress of the trial, Moses M. Curtis was intro-

duced as a witness for the state, to prove certain confessions alleged to have been made by the prisoner while in jail, and in the presence of the witness, who was jailor. The prisoner objected to the admission of the proposed evidence, unless the state would first show affirmatively that the confessions were free and voluntary. The witness then proceeded to state to the court that the prisoner was brought to the jail on the 24th day of June, A. D. 1857, and was delivered to him as jailor, and that he confined him in jail and chained him; "that on several occasions, when persons whom witness supposed were ignorant of Norvall's murder, would go into the jail, they would ask the prisoner, 'What he was there for?' His answers were, 'That he was there for killing Norvall; that he killed him about some misunderstanding about some molasses;'" that no caution was given to the prisoner as to the consequences of any confession he might make; and that nothing was said to the prisoner, except the question before stated; that witness was generally present when these confessions were made, but asked no questions; that these confessions were made at various times between the commitment and the next October term of the court; that the first confession was made shortly after the commitment, and the last about three weeks before the October term of the court. The witness further stated, that he was never present when the prisoner made any confessions before his commitment, nor was either of the Hartleys, or the Ellises, or Patrick present when any of the confessions were made in jail.

The district attorney then asked the witness to state to the jury the last confession made by the prisoner, which he did, as above, and the prisoner excepted.

W. H. Bondurant was also introduced to prove confessions of the prisoner, and the same objection was made as in the case of Curtis. This witness attended the jail, in the absence of Curtis, on several occasions, and he heard similar confessions as those stated by Curtis, and made under like circumstances.

It further appeared on the trial that the prisoner was pursued with dogs, and captured, on the morning Norvall was discovered to be dead (23d June, 1857); and that one of the Ellises,

in presence of the Hartleys, procured a confession from the prisoner by undue influence.   See Divine v. State.

The prisoner was convicted, and he sued out this writ of error.

*Wm. Vannerson* and *J. A. Barlow*, for plaintiff in error.

1. In order to admit the accused in evidence against him, it is essential that the confessions were voluntary, neither induced by the hope of reward, nor the fear of punishment.   The State v. Simon (a slave), not yet reported, 1 Greenleaf, 277, *et seq. et passim.*

2. To render a confession by a prisoner admissible, the prosecution must show affirmatively, to the satisfaction of the court, that it has not been made under the influence of an improper inducement.   If this appear doubtful on the evidence, the confession ought to be rejected.   Regina v. Warrington, 2 Lead. Cr. Cases, 167.

3. Where a confession has been obtained, or inducement held out, under circumstances which would render a confession inadmissible, a confession subsequently made is not admissible in evidence unless from length of time intervening, from proper warning of the consequences, or from other circumstances, there is reason to presume that the hope or fear which influenced the first confession is dispelled.   State v. Guild, 5 Halstead, 163, 179, 181.

4. And in the absence of any such circumstances, the influence of the motives proved to have been offered will be presumed to continue and to have produced the confession, unless the contrary is shown by clear evidence, and the confession will be rejected.   State v. Roberts, 1 Devreux, 259 ; State v. Peter, 4 S. & M., 31.

5. When a confession is made by an inferior to a superior, caution of the consequences of such confession is necessary to make such confessions admissible.   The King v. Cooper and Wicks, 5 Carrington & Payne, 535, *et passim.*

*T. J. Wharton*, attorney general.

To show the admissibility of the confession, cited, Roscoe Cr.

Ev., 40, 49; Moore v. Commonwealth, 2 Leigh, 802; Regina v. Warrington, 2 Lead. Cr. Cases, 167; 1 Taylor on Ev., § 639.

HARRIS, J.:

The plaintiff in error was indicted for the murder of a slave. The only points of error complained of in this record are:

1. That the court below erred in allowing the confessions to go in evidence to the jury.

2. The court erred in refusing a new trial.

The first error assigned has reference to the testimony of Moses M. Curtis and W. H. Curtis and W. H. Bondurant, who had charge of the prisoner after his committal to jail, as jailors. It is insisted that these confessions were improperly admitted, because: 1. The prosecution did not show affirmatively, to the *satisfaction of the court*, that they were not made under the influence of improper inducements; and 2. Because the evidence does not show that the prisoner was " cautioned of the consequences of such confessions."

It is sufficient to say, in answer to the first objection, that the time and circumstances of these confessions made in jail show sufficiently that they were properly admitted; there is a total absence of any proof to the contrary. The record showing that this testimony went to the jury after a preliminary examination as to the circumstances of the confessions, by direction of the court, there can be no pretence that *the court was not satisfied* that the confessions were perfectly voluntary.

That no *caution* is necessary when the confessions are made to persons having no judicial authority, is settled by this court in Dick v. State, 30 Miss. R., 598.

Let the judgment be affirmed.

HOMICIDE.

