## AMOS WILLIAMS *v.* THE STATE.

**Criminal Law — Master and Servant — Confessions.**

> The confession of a servant to his master of a crime, induced by the
> appearance of force and threats of violence, are not admissible in evi-
> dence against him when being tried for the crime.

Appellant, Amos Williams, was indicted in the Circuit Court
of Itawamba county for assault with intent to rape a little girl
two years old, named Theresa Strauss. He was tried and con-
victed and sentenced to the penitentiary for ten years, and appeals.

1

Where confessions and gestures, tending to establish guilt, were made
under the influence of personal violence, and through fear, they are inadmissi-
ble. Serpentine's Case, 1 How. 256.

Testimony is admissible to show under what circumstances confessions
were made. Serpentine's Case, 1 How. 256.

The confessions of a prisoner, though made when he is in custody, are
admissible against him, if otherwise unobjectionable. Peter's Case, 3 How.
433.

Confessions are inadmissible when made under the influence of a sufficient
threat, or a sufficient promise. Peter's Case, 4 S. & M. 31; Sam's Case, 33
Miss. 347; Simon's Case, 36 Miss. 636; Cady's Case, 44 Miss. 333.

Slight expressions calculated to engender hope of benefit, or fear of injury,
will vitiate. Simon's Case, 37 Miss. 288.

After a slave's arrest, and whilst he was chained and alone with his master,
he was asked by the master "why he had burned his gin house." In response
the slave confessed the burning. *Held*, the confession was voluntary. Sam's
Case, 33 Miss. 347.

The prisoner, who was a slave, was suspected of larceny, and being charged
with it, he denied his guilt; he was then whipped by his employer for his
suspected guilt, and again denied it. On the next day he was again taken
up and threatened, and he then confessed, and stated what articles he had
taken, and where they could be found, and accompanied a witness to the
place, and showed the articles; he then stated where he got them, confess-
ing that he had stolen them. The next day the employer sent for the prison-
er's master, and when he arrived in the presence of the prisoner, the em-
ployer said to prisoner, "Here is your master, who has come for the things
you took;" and thereupon the prisoner, without any threat made, or any
promise of reward offered, voluntarily confirmed his previous confession;
the last confession was admitted in evidence. *Held*, that is was improper,
and that according to the principles settled in Peter's Case, 4 S. & M. 31, an

On the trial, E. Strauss, the father of the child, testified that the defendant was. employed by him, and the defendant took the little child to a privy, near where a woman was washing, and the child came back into the house, and its mother, after examining it, became very much alarmed and excited, and he came to the house and examined the little girl; that he then went in search of the defendant, and, approaching him in an excited manner, with a stick in his hand, took hold of him by the coat collar and asked: "What did you do to the child? Did you lay her down?" To which defendant replied that he stood her up.on the

explicit warning should have been given of the consequences of the confession, after a previous confession had been extorted by fear. · Van Buren's Case, 2 Cush. 512.

But the conduct and actions of the prisoner in showing the articles were properly admitted. Van Buren's Case, 2 Cush. 512; Belote's Case, 36 Miss. 96.

By the common law, the fact that the instrument, or fruits, or any associated circumstances of the crime were discovered in consequence of the confession of the accused, is admissible against him, though the confession was obtained by the influence of hope or fear exerted upon him; but it is essential to such admission that the instrument or other material facts should correspond with the description given by the prisoner. Jordan's Case, 32 Miss. 382; Belote's Case, 36 Miss. 96.

But this rule does not apply under our constitution to confessions obtained by violence, they being inadmissible for any purpose, and under all circumstances. Jordan's Case, 32 Miss. 382.

A confession by the accused, not extorted by. threats, fear of promises, but freely and voluntarily made to one having no authority over him, is admissible in evidence. Lee v. State, 45 Miss. 114.

Otherwise, if induced by threats or by promise or hope of favor held out to accused by the magistrate or officer making the arrest. Garrard v. State, 50 Miss. 147.

Where confessions by one in custody are fairly traceable to a promise made by the leading attorney for the prosecution that if the prisoner would confess he would do all he could to save him, they should be excluded, but voluntary confessions made to others after such promise has been withdrawn, are admissible. Simmons v. State, 61 Miss. 243.

A statement by accused while under arrest is not rendered inadmissible merely because made to an officer having him in custody, if nothing is said or done to induce or extort a confession. Peden v. State, 61 Miss. 267.

Accused, a negro, was arrested and charged with murder by armed negroes; was tied and taken into the woods, where he was told by one of the crowd, an elder of his church, that, if he did the killing, it was best to confess, but that only a voluntary and truthful confession·was desired. No direct threats ·were made. He thereupon admitted killing deceased with a stick, but soon denied it. He was then taken further, and threatened with hanging, to

privy stool. He then beat the defendant with the stick very severely. Did not know whether he was dead or not when he left him, and was prevented from killing him afterwards by his wife. The defendant objected to the introduction of this confession. The objection was overruled, to which defendant excepted.

APPEALED from Circuit Court, Itawamba county, J. A. GREEN, Judge.

Reversed and new trial granted, February 6, 1882.

*Attorneys for appellant, Blair & Clifton.*

*Attorney for the State, T. C. Catchings, Attorney-General.*

Brief of Blair & Clifton:

The statement or confession made by the prisoner to E. Strauss, the father of the child, was improperly admitted. To render

compel him to point out the stick, one of the party ascending a tree, as if to adjust the rope; whereupon he again confessed, and pointed out the stick. This was fifteen or twenty minutes after the first confession. *Held,* that the threats and demonstrations to hang were so intimately connected with both confessions as to show them involuntary and incompetent. Cady *v.* State, 44 Miss. 332, overruled; Williams *v.* State, 72 Miss. 117; 16 So. 296.

Where one in jail charged with murder expresses a desire to make a statement in regard to the killing, and a private person, in the absence of the sheriff, tells him it will be best to tell the whole truth, if the sheriff at the time warns him that his statement must be voluntary, and that he need expect no favors from him, this excludes the idea that the officer sanctioned the inducement, and it being held out by a private person having or assuming no authority over the prisoner of the prosecution, the court is warranted in holding the confession voluntary. Jones *v.* State, 58 Miss. 349.

A confession induced by the statement of the officer in charge of the prisoner that it might go lighter with the latter if he told all about it, and that if he did the shooting he had better say so, is involuntary and inadmissible. Harvey *v.* State, 20 So. 837.

Confessions of defendant, while in jail, to the sheriff, should not be admitted; the sheriff testifying that he did not remember whether he told him it would be best for him to make the statement, and that he might have done so, and the only other person present at the time, a brother of defendant, having testified that the sheriff did tell defendant it would make it better for him to tell all about it. Mitchell *v.* State, 24 So. 312.

Where defendant, a dull negro boy, while in jail charged with burglary, was told by one who had been his employer for two years, that he had better

extra-judicial confession admissible as evidence, it must be free and voluntary, without the hope of reward or favor, and free from all fear of punishment. 1 Greenleaf Evidence, 13 Ed., § 219; Serpentine v. The State, 1 How. 258; Peter v. State, 3 How. 433; Van Buren v. State, 24 Miss. 516; Peter v. State, 4 S. & M. 38; Jordan v. State, 32 Miss. 382; Simon v. State, 37 Miss. 293; Franks v. State, 39 Miss. 705; Dick v. State, 30 Miss. 593; Cady v. State, 44 Miss. 333.

The rule excludes the confession whenever it is shown that fear exists in the mind of the prisoner, and that the confession is superinduced from fear. In order to put the prisoner in fear, it is not necessary that oral threats of violence should be made, but it may justly arise from the manner and actions of those having the prisoner in custody and from the surroundings of the prisoner. In fact, there is no surer or more direct way of putting the mind of man in fear than by acts pointing to speedy revenge or summary punishment. In Peter's Case, 4 S. & M. 38, the presence of those before whom the prisoner had before confessed was held sufficient to continue the fears previously created in the mind of the accused. Here the manner and hostile demonstrations of E. Strauss were sufficient to put the prisoner in fear of great bodily

---

tell all about it; that, if he did not, it would be worse for him, but, if he would turn State's evidence, the court would give him a light sentence; and no warning was given defendant that his confession should be voluntary, and he confessed, it was error to admit evidence of such confession, since it could not be regarded as voluntary. Hamilton v. State, 77 Miss. 675; 27 So. 606.

A confession made by accused under threats to deliver him to a mob, is not voluntary, and should be promptly rejected. Whitley v. State, 78 Miss. 255; 28 So. 852.

Where a confession is made under the influence of threats, a subsequent confession should not be received, unless it is shown that such influence was entirely removed when it was made. Whitley v. State, 78 Miss. 255; 28 So. 852.

A confession of a dull negro boy, 13 years old, made after his arrest for burglary, and at the suggestion of the marshal, that "as you are a young fellow, and were led by older people, it would be best for you to tell it, if you were in there," was not voluntary. A repetition of the confession immediately afterwards to the owner of the store burglarized, and in the presence of others, but yet in the custody of the marshal, was not voluntary. Ford v. State, 75 Miss. 101; 21 So. 524.

The testimony of one accused of a crime, given on compulsion by the State, either against himself or another, cannot thereafter be used against him;

harm, and the confession may be truly said to have been "forced from the mind of the prisoner by the torture of fear." 1 Greenleaf Evidence, 13th Ed., § 220; Jordan v. State, 32 Miss. 386.

The concluding words of the confession, "That if I would let him off, he would never do so again," plainly show that his statement was superinduced from fear. 　* 　* 　*

Brief of T. C. Catchings, Attorney-General:

The rule as to the admission or rejection of evidence is so well understood that it is needless to cite any authority. The digests are full of them.

The evidence in this case does not show that the confession of defendant was extorted or superinduced by fear. Before making any threat, or informing defendant that he was suspected of having perpetrated an offense against his child, or in any way indicating to him what he had discovered, Strauss asked him: "What have you done to my child?" The reply instantly came that he had stood the child on the seat in the privy, and that, if Strauss

---

nor can he be cross-examined in reference thereto. Steele v. State, 76 Miss. 387; 24 So. 910.

Confession by defendant on the night of the commission of a crime, to a friend, held admissible. Mathis v. State, 80 Miss. 491; 32 So. 6.

Confession made by a prisoner after spending several days in a sweat box, during which he obstinately denied commission of the crime, held involuntary and inadmissible. Ammons v. State, 80 Miss. 592; 32 So. 9.

One who was in custody on a charge of murder told the deputy-sheriff that he would tell him about the murder if the deputy would help him out, and asked if the deputy supposed a man would be hung for killing his father in self-defense, to which the deputy answered that they might give him a sentence for five or ten years, and that he would help accused out if he was sent to the penitentiary. *Held* that a confession made after such conversation was not free and voluntary. McMaster v. State, 34 So. 156.

In a prosecution for rape, evidence of voluntary inculpatory and exculpatory statements made by defendants in a conversation between them and witness in the presence of a sheriff, while defendants were handcuffed and in the sheriff's custody was admissible. Dunmore et al. v. State, 39 So. 69.

It was error, on a prosecution for burglary, to admit the testimony of the chief of police that defendant confessed to him that he entered prosecutrix's room for the purpose of larceny, where defendant testified that the chief said defendant might get his neck broken or go to the penitentiary, and that he had better say he went to the house to get money for his supper, and that defendant then said that, if it would do him any good, he would say so. Maxwell v. State, 40 So. 615.

would let him off, he would never do so again. Here no threat was made, no charge was brought against him, but the guilty conscience of the defendant instantly betrayed him into the confession. Under these circumstances, it cannot be said that the confession was brought about by fear.

As to the sufficiency of the evidence, it is enough under section 2713, Code 1880, that there should have been evidence tending to show that there was an intent to commit a crime and overt act done towards its consummation. If the defendant had not intended to commit the offense of rape it is impossible to conceive why he should have taken the child into the privy and have done what he did. He must have had the intent at that time, and it is certain that an overt act towards the consummation was done. That he may have abandoned the intent will not do, unless he had so abandoned it before committing the overt act. Cunningham v. State, 49 Miss. 685.

There is enough testimony to uphold the verdict.

Opinion.—Cooper, J.:

The court erred in permitting the confession of the accused to be given in evidence against him. Aside from the relation of master and servant existing between the accused and the person to whom they were made, the act of the master in approaching and arresting the accused in the manner shown in the record could naturally produce in the mind of the accused no other conclusion than that he was to be the victim of the assault which in fact so soon occurred. That the confession was the result of this appearance of force is the natural and legal presumption, and its existence rendered the confession inadmissible. Serpentine v. State, 1 How. 256; Sam's Case, 33 Miss. 347; Cady's Case, 44 Miss. 333; Wharton on Criminal Law, § 685.

*The judgment is reversed* and a new trial awarded.