*Reversed and remanded.*

---

CAROTHERS *v.* STATE.

[83 South. 809, In Banc. No. 21072.]

1. BURGLARY. *Not necessary for indictment that intent to commit larceny was burglarious.*

An indictment for burglary charging that defendant did unlawfully, willfully and feloniously and burglariously break and enter

a certain dwelling was sufficient; it was not necessary to further use the word "burglarious" in charging an intent to commit larceny; the word having reference to the manner of entry and characterizing the breaking and entry as having been done in the manner of a burglar.

2. CRIMINAL LAW. *Confessions made to an officer without caution or warning admissible in evidence.*

Confession of an accused made to an officer having him in custody were not incompetent because the officer failed to caution the prisoner that his statement might be used against him, there being no statute requiring such caution or warning.

3. CRIMINAL LAW. *Erroneous statement of law in argument not prejudicial not included in instructions.*

A statement by a prosecuting attorney in his closing argument in a prosecution for burglary that "possession of recent stolen goods is prima-facie evidence of guilt, and that I could obtain an instruction from the court to that effect," although a misstatement of the law, was not prejudicial to the accused; the error complained of not appearing in any instruction of the court.

APPEAL from the circuit court of LaFayette county. HON. C. LEE CRUM, Judge.

McKinly Carothers was convicted of burglary and appeals.

The facts are fully stated in the opinion of the court.

*L. C. Andrews,* for appellant.

The defendant was never warned that what he should say would be used against him. The indictment is bad and, therefore, fatally defective in not charging that the intent to steal, take and carry away certain personal property was a burglarious one.

In *Draughn* v. *State,* 76 Miss. 574, 25 So. 153, the court said: "An indictment is bad which only charges the defendant with breaking and entering a dwelling house with intent to commit larceny therein. It should allege the breaking and entry to have been with intent to burglariously and feloniously take and carry away property."

We consider this case conclusive as to the point here raised. We think that in order to give the confessions introduced in evidence here that degree of fairness and freeness that the law exacts to make them voluntary, that under the circumstances disclosed by this record, the defendant should have been warned that what he was about to say would be used against him on the trial of his case.

From the above premises, the conclusion is irresistable that the indictment contains no valid charge against the defendant, and that the verdict is contrary to the law and the evidence, and that the confessions are inadmissible.

*N. T. Currie,* for appellee.

The indictment is based upon section 1068 of the Annotated Code of Mississippi 1906, and reads as follows: "Every person who shall be convicted of breaking and entering any dwelling house, in the day or night, with intent to commit a crime, shall be guilty of burglary and be imprisoned in the penitentiary not more than three years."

This statute modifies the common law in this, in that under the common law one of the essential elements of the crime of burglary is the intent to commit a felony. It is perceived from the mere reading of this statute that the breaking and entering of a dwelling house in the day or nighttime need not necessarily be with intent to commit a felony but is burglary with intent to commit "a crime" and we take it that these words mean any sort of a crime.

The statute having made this change, it was not necessary as a matter of law, in the case at bar that the indictment charge that the house was broken and entered by the appellant with the intent at the time of committing a felony, and the indictment charging that

he unlawfully and feloniously and burglariously broke and entered the house in the nighttime with intent to steal, sufficiently charges the offense of burglary under the statute. The indictment, therefore, was not demurrable.

In his fourth assignment of errors, as originally filed the appellant stated there was an error on the part of the trial court in the admitting, over objection of the appellant, evidence of alleged confessions made by himself to the witnesses, Reagan and Whitehead. He contends that it was not shown that his confessions were voluntary and that it affirmatively appears upon the face of the record that he was under arrest, in the custody of the deputy sheriff, and probably in jail at the time of the making of the alleged confessions. We submit that there is no fact or circumstance in the record which shows, or tends to show, as a matter of law, that the confessions introduced were not voluntary. On the contrary, the testimony of both Reagan and Whitehead the deputy sheriff, is to the effect that there was no threat of violence, no persuasion, no enticing, no giving of reward, no promise of reward, and no hope of pardon or clemency or leniency of any sort offered or held out to the appellant that he was simply asked about breaking and entering into the house and what he knew about it and what goods, if any, were stolen and carried away, etc.

In answer to the contention that the confession is not admissible because the appellant was, at the time, under arrest and, perhaps, in jail, we cite paragraph 129 at page 249 of Underhill on Criminal Evidence, which reads as follows: ''The mere fact that the defendant was under arrest, or was in the charge of an armed police officer when he made his confession or was handcuffed and chained or tied, if he is not tied in such a manner as to produce pain or extort a confes-

sion, or in prison, will not make a confesion involuntary."

The next point of objection they make to the confession is that the appellant was not properly warned or cautioned before making the confession. In reply to that contention and objection, we cite paragraph 130 at page 251 of Underhill on Criminal Evidence, which reads as follows: "Aside from the statute, the fact that a confession, which is otherwise admissible, is made without the accused having been cautioned by the court or by the person to whom the confession is made that what he says may be used against him, does not render it incompetent."

There is no statute in the state of Mississippi requiring the accused, who is about to make a confession, to be cautioned or warned, before he proceeds to make the same, that it may or will be used against him.

We believe the only other assignment of error is that contained in the additional or supplemental assignment of errors and is to the effect that the district attorney in making his closing argument, made use of the following language: "Possession of recent stolen property is *prima-facie* evidence of guilt and that I could obtain an instruction from the court to that effect."

We submit that there is nothing in these remarks to warrant a reversal of this case; indeed, that it was a mere argument and did not prejudice the appellant. The state did not ask for any such instruction, and no such instruction was granted by the court, and there can, therefore, be no legal error based upon these remarks. The court in granting the instructions defined the law, and the jury, no doubt, were advised and understood that they were bound by the written instructions actually granted by the court.

We respectfully submit that there is no reversible error in this case and that the same ought to be affirmed.

STEVENS, J., delivered the opinion of the court.

Appellant was indicted and convicted of burglary and sentenced to the penitentiary for two years. On this appeal he contends that the indictment is fatally defective; secondly, that certain confessions were improperly admitted in evidence; thirdly, that the verdict is contrary to the law and the evidence; fourthly, complaint is made of the following language used by the district attorney in his argument:

"Possession of recent stolen property is *prima-facie* evidence of guilt, and that I could obtain an instruction from the court to that effect."

The indictment is drawn under section 1068, Code of 1906 (section 796, Hemingway's Code), which reads as follows:

"Every person who shall be convicted of breaking and entering any dwelling house, in the day or night, with intent to commit a crime, shall be guilty of burglary, and be imprisoned in the penitentiary not more than ten years."

The main averments of the indictment are as follows: "The grand jurors . . . on their oaths present that McKinly Carothers, late of the county aforesaid, on the —— day of ——, 1919, in said county, did then and there, in the nighttime, unlawfully, willfully, feloniously and burglariously break and enter the dwelling house of N. L. Ragan by then and there breaking and entering said house at and through a certain window in said house in which said house there was then and there in store kept certain goods, wares, merchandise, and household effects for use, etc., with then and there the unlawful, willful, and felonious intent of him, the said McKinley Carothers, to then and there unlawfully, willfully, and feloniously take, steal, and carry away a portion of said goods, wares, merchandise, and household effects, against the peace and dignity of the state of Mississippi."

A special bill of exceptions was taken to the quoted language of the district attorney. It appears that the court overruled the objection of the defendant. Dr. Ragan, whose dwelling house was entered by the defendant, testified, among other things, to certain statements which the defendant made after the defendant had been arrested and while he was on the way to jail. Mr. Whitehead, a deputy sheriff and jailer, likewise testified to the same confessions. These witnesses testified that the confessions of the accused were free and voluntary, and were not induced by any promise or flattery of hope, but appellant contends that he was not warned that the confession would be used against him. The indictment was not demurred to, but in the motion for a new trial it is contended that the indictment fails to use the word "burglarious" in charging the intent to commit larceny; that it is necessary to charge that the intent was both felonious and burglarious, and for this reason the omission is one going to the very essence of the offense, and accordingly condemned by *Cook* v. *State,* 72 Miss. 517, 17 So. 228, and *Draughn* v. *State,* 76 Miss. 574, 25 So. 153.

Is the indictment fatally defective? It was permissible, and it is frequently the practice, to charge in an indictment for burglary an intent the goods and chattels of the householder feloniously and burglariously to take, steal, and carry away. Bishop's New Criminal Procedure, vol. 2, par. 145; *Moseley* v. *State,* 92 Miss. 250, 45 So. 833.

We are of the opinion, however, that the failure to use the word "burglarious" in charging an intent to commit larceny does not render an indictment under our statute fatally defective. It will be observed that the indictment in this case does charge that the defendant did unlawfully, willfully, feloniously, and burglariously break and enter. The word "burglarious" primarily has reference to the manner of entry; it characterizes

the breaking and entry as having been done in the manner of a burglar. If the indictment, therefore, charges, as the present one does, that the breaking and entry was unlawful, willful, felonious and burglarious, it is only necessary to add the intent to commit a crime, and in doing so to specify and set forth the particular felony intended to be committed. The case of *Draughn* v. *State*, 76 Miss. 574, 25 So. 153, apparently holds that the defendant must intend "feloniously and burglariously to take and carry away." It should be observed that the proof in that case showed that the house entered was not a dwelling house, but a crib or smokehouse, and there was a fatal variance between the indictment and the proof. Furthermore, the indictment in that case simply charged that the intent was "to commit the crime of larceny therein." This allegation was more a conclusion of the pleader than a statement of the facts. Wharton's Criminal Procedure, vol. 1 (10th Ed.), par. 466. The Draughn Case was properly decided, but we are not willing to go to the extent of holding that an indictment for burglary which properly charges the breaking and entry should also use the words "burglarious" or "burglariously" in charging the intent to commit larceny. The indictment, we think, is sufficient. It does charge that the intent to steal in this case was a felonious intent. It furthermore charges that goods, wares, merchandise, and household effects were situated in the dwelling house, and that appellant had the felonious intent to take, steal, and carry away a portion of said goods. Mr. Wharton says that "the mere allegation of an intent to commit a designated felony, without an averment of the overt acts tending towards its accomplishment, is said to be sufficient." The authorities on the point under discussion are not at all harmonious. There can be no doubt that the particular statute under review enlarges the common law, and we see no reason to require the use of the word

"burglarious" in designating and charging the particular crime which the accused intended to commit upon the unlawful breaking and entering. To illustrate: The accused in breaking and entering might unlawfully intend to commit homicide, but in charging such a felonious intent we cannot appreciate how the word "burglarious" would at all be helpful in defining the unlawful and felonious intent to do murder. In the case at bar the felonious intent to steal is sufficiently charged.

The confessions of the accused were not rendered incompetent by reason of the failure of the deputy sheriff and jailer to caution the prisoner that his statements might be used against him. It is said in Corpus Juris. (16 C. J. 724):

"The better and safer course for an officer to pursue, when a prisoner is about to make a statement, is to warn him that it may be used against him."

But in the absence of a statute requiring caution or warning, a perfectly voluntary confession is admissible. In the case at bar the proper predicate was laid before this testimony was admitted by the learned circuit judge. It has been expressly ruled in this state that:

"No caution is necessary when the confessions are made to persons having no judicial authority." *Simon* v. *State,* 36 Miss. 636; *Dick* v. *State,* 30 Miss. 598.

It would appear under the authority of *Harper* v. *State,* 71 Miss. 202, 13 So. 882, that the language of the district attorney in his closing argument misstated the law, but the misstatement was by way of argument and on a proposition which, if embodied in an instruction at all, would require technical and delicate discrimination. The very case relied upon expressly holds that recent possession by the accused of property "burglariously" stolen is a "circumstance" which the jury may consider. But the prosecuting attorney went beyond this statement by saying that it is *prima-facie* evidence of guilt. The error complained of does not appear in

any instruction of the court and under the facts of this particular case we conclude that the rights of appellant were not prejudiced by the argument complained of, and the error in this case should be considered a harmless error. The verdict is amply supported by the evidence.

*Affirmed.*