STEPNEY *v.* CITY OF COLUMBIA.

(Division A. April 7, 1930.)

[127 So. 687. No. 28688.]

**Goss & Goss**, of Columbia, for appellant.

**Rawls & Hathorn**, of Columbia, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellant, accompanied by Marion Marshal, drove an automobile to the residence of Beulah Armstrong in the limits of the city of Columbia. Beulah came to the automobile, and Marshal, who testified on behalf of the state, stated that he·saw the appellant deliver to her a jug which he had with him in the automobile, and saw Beulah give the appellant some money. Marshal did not know what the jug contained. They then drove to another portion of the city where the automobile was searched by a policeman and another. The policeman and his companion both testified that the automobile was searched on information that intoxicating liquor was being transported therein, and their search disclosed two cork stoppers and a tin funnel both of which smelled of whisky. The policeman then told the appellant that "he had the goods on him, and he just as well come across clean." The appellant then confessed that the jug he had delivered to Beulah contained whisky, and that he received from her five dollars therefor.

According to the evidence of the policeman and his companion, no inducement was held out to the appellant for making the confession, and that he was not coerced, in any manner, into making it. Neither the policeman nor his companion warned the appellant that any statement he might make would be used against him. This confession was testified to by Armstrong, the policeman, and his companion, without objection on the part of the appellant. The appellant, when testifying in his own behalf, said that the confession was coerced from him by violence. The appellant's contentions are that: First, the corpus delicti was not proven independent of his confession; second, his confession was erroneously admitted; third, the court erred in refusing two instructions

requested by him; and fourth, the admission of the evidence that the cork and funnel found in the automobile smelled of intoxicating liquor.

A confession is not inadmissible in evidence merely because the corpus delicti has not been fully proven independent of such confession. It is admissible and will sustain a conviction, where there are other facts and circumstances in evidence sufficient to disclose that the confession was of a real, and not of an imaginary crime. This rule has been so frequently announced by this court that the citation of authorities therefor is unnecessary. The evidence here, aliunde this confession, is sufficient for that purpose.

The evidence seems to not to have been objected to in any manner, but if it was, and we have overlooked it, the court below committed no error in admitting the evidence. The conflicts as to the confession being coerced by violence was for the determination of the court below, and it had the right to believe the evidence of the policeman and his companion.

But it is said by counsel for the appellant that, although the confession may have been voluntarily made, it was inadmissible in evidence, for the reason that the policeman did not warn the appellant that anything he might say would be used against him. The statement in the opinions in the cases of Ammons v. State, 80 Miss. 592, 32 So. 9, 18 L. R. A. (N. S.) 768, 92 Am. St. Rep. 607, and Whip v. State, 143 Miss. 757, 109 So. 697, 698, that "the prisoner should be warned that any statement he may choose to make showing his guilt may be used against him on his trial," applies to judicial, but not to police, officers. Simon v. State, 36 Miss. 636; Donahue v. State, 142 Miss. 20, 107 So. 15; Brown v. State, 142 Miss. 335, 107 So. 373, 374.

The refused instructions are to the effect that the jury should disregard the appellant's confession, if they believed it was not free and voluntary, or if the policeman to whom it was made did not warn the appellant that it would be used against him. The admissibility of the con-

fession was for the determination of the trial judge, and, when admitted, the jury were without the right to disregard it. The only question for the jury was whether or not the confession was true. The instructions were properly refused. The evidence as to the cork and funnel found in the automobile smelling of intoxicating liquor tended somewhat to show that the appellant had recently had intoxicating liquor in the automobile, and, therefore, that his confession of having sold intoxicating liquor a few minutes before his automobile was searched was a confession of a real, and not of an imaginary, crime. That it tended to show the commission of another crime, that is, the possession of intoxicating liquor, did not render it inadmissible. It would be impossible to prove the crime of selling intoxicating liquor without proving, at the same time, that the person who sold it had it in his possession.

Affirmed.