HITT v. STATE.

(Division A.   May 23, 1938.)

[181 So. 331.   No. 33135.]

**J. O. Day**, of Tutwiler, for appellant.

**Creekmore, Creekmore & Capers,** of Jackson, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**McGowen, J.**, delivered the opinion of the court.

Appellant was indicted for the murder of Jeff Williams. His cause was submitted to a jury who found him guilty of manslaughter, and the court sentenced him to serve a term of twenty years in the state penitentiary.

It is unnecessary to detail the facts in this case. There was a conflict in the evidence as to whether or not the homicide was murder or manslaughter, and, on the other hand, whether or not the defendant killed the deceased in self-defense.

The county prosecuting attorney, called as a witness,

testified that during the night, or in the early morning, after the homicide, he went to the jail, awakened the accused, and said: "I am the prosecuting attorney. I am down here making an investigation of the killing of Mr. Jeff Williams. . . . You don't have to tell me anything at all unless you care to." Thereupon the accused stated to him, among other things, that he killed Jeff Williams because he (Williams' "wouldn't flag" (we understand "flag" to mean here from the entire record that Williams was dancing with a woman and the accused desired to dance with her and wanted to take over Williams' partner); that he did not know Williams prior to this trouble; that the deceased had nothing in his hands that he saw; that he did not see him with a gun; that the accused was slightly wounded in drawing his weapon from his pocket; that he discharged the pistol three times and thought that the second shot killed Williams. The witness stated that he did not warn the accused that any incriminatory statement he made would be used against him.

The prosecuting attorney testified that the statement made to him by the accused was entirely free and voluntary, without any inducement, hope of reward, or fear of punishment being held out to him. No rebuttal evidence was offered as to whether or not the above statements were free and voluntary. On the preliminary examination the court held that the evidence was competent and overruled the general objection to the testimony, as well as the specific objection that the prosecuting attorney as a judicial officer had not warned the accused, and the evidence, the details of which we have not stated, was submitted to the jury.

At the time the so-called confession was made there was no doubt but that Hitt had shot and killed Williams. The homicide occurred at a dance in a room crowded with many people.

The only assignment of error is the action of the

court in permitting the statement of the accused, as detailed by the prosecuting attorney, to go to the jury over objections, because the accused was not then and there warned by the officer that any statement he made would be used against him.

1. Assuming that the statement of the accused here in question is a confession rather than an admission which negatived the idea of self-defense, two questions are presented for decision: (1) Does the rule that a confession is incompetent when made to a judicial officer without a warning that the confession will be used against the defendant apply to such officers generally, or only when they are in the discharge of judicial duties; and (2) was the county prosecuting attorney a judicial officer within the meaning of the law of this state? We will not decide the first question, as the latter must be answered in the negative. However, we call attention to the case of Dick, Aleck, and Henry v. State, 30 Miss 593, where Dick made a confession after the coroner had arrived at the place where the prisoner was held. The court there said: "No warning of any kind whatever, was given to the prisoners of their rights,—and that they were not bound to make any confession, by which they could criminate themselves. The confessions of the prisoners, Dick and Aleck, were not made *before an officer during the course of a judicial examination.* [Italics ours.] They were made to the witness, with whom they happened to be present. No effort was made, by the witness or any one else, by threats or promises to induce these parties to confess. The confession of each appears to have been perfectly voluntary. Under these circumstances, it was not necessary, in order to render their confessions competent evidence against the party making them, that they should have been informed of their rights, or warned that they were not bound to make any statement which would tend to inculpate themselves. As evidence, therefore, against the party making them, these confessions were clearly competent."

In the case of Ammons v. State, 80 Miss. 592, 32 So. 9, 18 L. R. A., N. S. 768, 92 Am. St. Rep. 607, styled "sweat-box case," the court held that sweatbox confessions are not admissible in evidence, and after ironically detailing the circumstances the court there said (page 10) : "It is far from the duty of an officer to extort confession by punishment. On the contrary, he should warn his prisoner that every statement he may choose to make may be used against him on his trial." In Whip v. State, 143 Miss. 757, 109 So. 167, the substance of the same expression occurs, citing the "sweatbox case."

In Simon v. State, 36 Miss. 636, the court stated: "That no caution is necessary when the confessions are made to persons having no judicial authority, is settled by this court in Dick v. State, 30 Miss. [593], 598." In Carothers v. State, 121 Miss. 762, 83 So. 809, the court quoted with approval 16 C. J. 724, as follows (page 810) : "The better and safer course for an officer to pursue, when a prisoner is about to make a statement, is to warn him that it may be used against him." The court further said: "But, in the absence of a statute requiring caution or warning, a perfectly voluntary confession is admissible. . . .. 'No caution is necessary when the confessions are made to persons having no judicial authority.' Simon v. State, 36 Miss. 636; Dick v. State, 30 Miss. [593], 598."

In Stepney v. City of Columbia, 157 Miss. 193, 127 So. 687, the court held (page 688) : "The statement in the opinions in the cases of Ammons v. State, 80 Miss. 592, 32 So. 9, 18 L. R. A. (N. S.) 768, 92 Am. St. Rep. 607, and Whip v. State, 143 Miss. 757, 109 So. 697, 698, that 'the prisoner should be warned that any statement he may choose to make showing his guilt may be used against him on his trial,' applies to judicial, but not to police, officers."

Our attention is not called to a case in this jurisdic-

tion where the confession was free and voluntary that a reversal ensued because the officer to whom it was made did not warn the accused that any statement he made would be used against him. There are generally classed two kinds of confessions, judicial and extrajudicial, and the authorities are practically unanimous that a judicial confession is one made before a court or tribunal having some authority of disposing of the pending case. All other confessions are classed as extrajudicial, and the confession here under consideration is in the extrajudicial class.

We have called attention to these cases for the purpose of showing that the circumstances under which the confessions were made—tending to show that they were not free and voluntary—always controlled this court as to whether reversal would be had in a given case or not. There is no statute in this state requiring an officer to warn the accused, as is to be found in some other states.

2. We feel quite sure that the county prosecuting attorney is not a judicial officer in this State. Chapter 101, Code of 1930, creates the office of county prosecuting attorney, and section 4225 defines his duties, and nothing can be found in that chapter which invests him with judicial authority or confers upon him judicial power. The term judicial officer is used in two senses; "one, the popular sense which applies generally to an officer of a court; the other, the strictly legal sense which applies only to an officer who determines causes inter partes. Quasi judicial powers conferred on officers do not make such officers judicial." 34 C. J., p. 1183, section 21. Whatever may be the rule in other states construing the statutes and constitutions thereof, we must declare that, within the meaning of our law, judicial power or function is not conferred upon or invested in a county prosecuting attorney; therefore, the cases cited from other jurisdictions are not persuasive in the case at bar, nor has any case been called to our attention where a court has

held that a confession to a county prosecuting attorney was made to one having judicial authority. There are quite a few cases from other jurisdictions holding that a county prosecuting attorney is a quasi judicial officer, but he is not so considered in our state.

The confession in this case was without question free and voluntary in so far as this record discloses, and was competent. We find no reversible error herein.

Affirmed.