ALLEN *v.* STATE

No. 40416          April 8, 1957          93 So. 2d 844

*Jones & Stratton,* Brookhaven, for appellant.

*J. R. Griffin, Asst. Atty. Gen.*, Jackson, for appellee.

ETHRIDGE, J.

Appellant Robert J. Allen was convicted in the Circuit Court of Lincoln County of receiving stolen property of the value of over $25. Code of 1942, Sections 2249, 2538. He contends that there was insufficient corroborative evidence aside from his confessions to establish the corpus delicti of the crime, the confessions were improperly admitted in evidence, and he was entitled to a peremptory instruction.

According to the testimony for the State by T. C. Clark, warehouse foreman for the Southern Wholesale Company, from which the cigarettes were stolen, and Ray Price, deputy sheriff, appellant made oral confessions to them that the cigarettes were stolen from the company by a white man who worked there and had a key to the front door; that he picked up and received the cigarettes from this man, and then sold them to the State's witness Smith at a price less than half of their wholesale value. Defendant made no objection to this testimony on the ground that there was no corroborative evidence of the corpus delicti aside from the confessions. His only objections were directed toward leading questions and an alleged failure to lay a predicate for a certain question. In fact, defendant cross-examined both of these witnesses about these confessions.

In Jackson v. State, 163 Miss. 235, 241, 140 So. 683 (1932), defendant was convicted of murder and one of his assignments of error was the admission of a confession, on the ground that it was not shown to have been freely and voluntarily made. Overruling this contention, it was held that error in the admissibility of evidence can be predicated only on an objection to it, specifically pointing out the infirmity therein. Defendant's counsel had objected to the admission of the confession, but assigned no specific grounds. The only exception to this rule is when on the face of the evidence there appears no purpose whatever for which it could have been admissible, and then a general objection, although overruled, will be deemed to be sufficient. In the instant case appellant made no objection to the admission into evidence of his oral confessions. Accord, Stepney v. City of Columbia, 157 Miss. 193, 127 So. 687 (1930); Dobbs v. State, 167 Miss. 609, 142 So. 500 (1932); Bone v. State, 207 Miss. 20, 37, 41 So. 2d 347 (1949). Hence the trial court did not err by accepting in the

record the testimony concerning appellant's oral confessions.

■■ Evidence corroborating an extra-judicial confession of the accused may be direct or circumstantial. 2 Wharton, Criminal Evidence (12th Ed. 1955), Sections 393-396. But the proof, without the confession, need only show the probability that a crime has been committed. Hays v. State, 214 Miss. 83, 58 So. 2d 61 (1952). ■■ And it is not necessary to prove a corpus delicti by evidence entirely independent and exclusive of the confession, but sufficient evidence to convict exists when the corpus delicti is established by other evidence and the confession taken together. Sullivan v. State, 216 Miss. 809, 63 So. 2d 212 (1953). ■■ Where there is a confession by the accused, any corroborative evidence will be held sufficient which satisfies the mind that there is a real and not an imaginary crime to which the accused has confessed. ■■ And the accused's criminal agency may be shown by his own confession. Jones v. State, 88 So. 2d 91, 96 (Miss. 1956).

■■ Appellant's confession is properly in evidence, and his conviction is amply supported by all of the evidence under the foregoing rules. Somewhat similar to the instant case is Stepney v. City of Columbia, 157 Miss. 193, 127 So. 687 (1930). No objection was made to admission of the defendant's confession, and in response to the argument that the corpus delicti was not shown independently of the confession, it was said, "A confession is not inadmissible in evidence merely because the corpus delicti has not been fully proven independent of such confession." See also Sam v. State, 33 Miss. 347 (1857).

■■ The danger, toward which the rule requiring corroborative evidence of the corpus delicti aliunde a confession is directed, lies wholly in a false confession of guilt. But this rule cannot be applied as a mere verbal

formula with which to place the trial court in error where no objection to the confession was made on this ground, and where the corroborative evidence when considered along with the confession amply warrants a verdict of guilty. 7 Wigmore, Evidence (3d. Ed. 1940), Sections 2070-2073.

Affirmed.

*McGehee, C. J.,* and *Lee, Holmes* and *Arrington,* JJ., concur.