317 So.2d 403 (1975)
George RATLIFF, Jr.
v.
STATE of Mississippi.
No. 48490.
Supreme Court of Mississippi.
August 11, 1975.
McTeer, Walls & Bailey, Greenville, Carver A. Randle, Greenwood, for appellant.
A.F. Summer, Atty. Gen. by Karen Gilfoy, Asst. Atty. Gen. and John C. Ellis, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, INZER and WALKER, JJ.
*404 WALKER, Justice:
The appellant was indicted and tried for murder in the Circuit Court of Sunflower County, Mississippi. From a conviction of manslaughter and a sentence of fifteen years in the state penitentiary, he takes this appeal.
Appellant's primary contention is that the trial court erred in denying appellant's motion to suppress a written statement given by him detailing his involvement with the deceased on the night of the homicide. In his brief, he contends that the written statement which was introduced in evidence and considered by the jury was in fact "coerced, induced, and otherwise involuntarily given thereby rendering it unlawful and inadmissible at the trial court level... ." The appellant testified on the motion to suppress that J.M. "Skeeter" Robertson, a close friend and former employer of appellant and also vice-mayor of the Town of Ruleville, stated "... if you make a statement, you can go home, you can get out on bond and they can have the charge reduced to manslaughter and you can beg for mercy of the Court and you can go home ..."; and that the reason he signed the statement was "... Mr. Robertson had promised me that I would get out on bail, the charge would be reduced to manslaughter, that I can beg for mercy of the Court and I would be able to go home... ."
A lengthy hearing on the motion to suppress appellant's statement was had in the absence of the jury as required by Agee v. State, 185 So.2d 671 (Miss. 1966), and there is no complaint that the hearing was not properly conducted. The officers who were present when the statement was signed, and J.M. "Skeeter" Robertson who allegedly made the promises to the appellant during interrogation, were placed on the stand and denied that any such promises were made. The trial court entered a finding of fact that the statement was freely and voluntarily given and was not the result of any threats, force, coercion or intimidation exerted against the defendant; and, that there were no promises or hopes of reward made to the defendant and particularly found that appellant was not told by Mr. Robertson that, "It is best to make a statement and maybe you can get out on bond and have it reduced to manslaughter." The evidence presented on the motion to suppress by the appellant and the state was conflicting and was therefore for the court to resolve, which it did contrary to appellant's contention. Moreover, the appellant submitted to the jury by his instruction number 15, the issue of whether the statement was freely and voluntarily given. That instruction reads as follows:
The Court instructs the jury for the defendant that if you believe from the evidence that the alleged confession was induced by Mr. J.M. "Skeeter" Robinson [sic] and Officer Willie Martin by a promise to the defendant that the charge of murder would be reduced to manslaughter; that if he confessed to a charge of manslaughter he could be released on bond and allowed to go home; or that leniency would be shown him, then you should disregard the alleged confession.
It is evident from the verdict that the jury also decided the issue of whether the statement was voluntary against appellant's contention.
We would point out that having the issue of whether the statement was freely and voluntarily given submitted to the jury was more than the defendant was entitled. The voluntariness of a statement and its admissibility in evidence is a question for the court to determine and not a question for the jury. Norwood v. State, 258 So.2d 756 (Miss. 1972); Rhone v. State, 254 So.2d 750 (Miss. 1971); Buckler v. State, 171 Miss. 353, 157 So. 353 (1934); Whittaker v. State, 169 Miss. 517, 142 So. 474 (1932); Tyler v. State, 159 Miss. 223, 131 So. 417 (1930); Stepney v. City of Columbia, 157 *405 Miss. 193, 127 So. 687 (1930); Stubbs v. State, 148 Miss. 764, 114 So. 827 (1927); Brown v. State, 142 Miss. 335, 107 So. 373 (1926); Lee v. State, 137 Miss. 329, 102 So. 296 (1924); Hunter v. State, 74 Miss. 515, 21 So. 305 (1897); Ellis v. State, 65 Miss. 44, 3 So. 188 (1887); Lego v. Twomey, Warden, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972).
However, after the court has ruled that a defendant's statement or confession is admissible in evidence, the defendant may nevertheless show all the attendant circumstances surrounding the taking of the statement that would have a bearing on its strength or weakness.
In Rhone v. State, 254 So.2d 750 (Miss. 1971), this Court, speaking through Justice Inzer, said:
It has long been the law of this state, that before a confession can be received in evidence, it must be shown to be competent in that it was freely and voluntarily given. This is a legal question to be determined by the court on a preliminary investigation out of the presence of the jury. If, after hearing all the testimony pertinent to the inquiry, the court is satisfied beyond a reasonable doubt that the confession was freely and voluntarily given, it becomes competent evidence. However, after a confession has been held by the court to be competent evidence either party has a right [but is not required] to introduce before the jury the same evidence which was submitted on the preliminary inquiry as well as any other evidence relative to the weight and credibility of the confession. The jury does not pass upon the competency of the confession, but the jury does pass upon the weight and credibility of the confession. The jury has the same freedom of action in relation to confessions which they have in regard to other testimony... . Harvey v. State, 207 So.2d 108 (Miss. 1968); Wright v. State, 212 Miss. 491, 54 So.2d 735 (1951); Fisher v. State, 145 Miss. 116, 110 So. 361 (1926); Johnson v. State, 107 Miss. 196, 65 So. 218, 51 L.R.A.(N.S.) 1183 (1914); Ellis v. State, 65 Miss. 44, 3 So. 188 (1887). (254 So.2d at 754).
Appellant next complains of a statement made by the county attorney during his closing argument and urges that a mistrial should have been declared. The record reflects that during his closing argument, the county attorney made the following statement:
Now, when you go back in your jury room to deliberate on your verdict, then you will have with you these exhibits that have been introduced into evidence during the last few days. Now, the first exhibit you will see here is this Waiver of Rights Form. I think it is important for you to look at this. This defendant acknowledges having executed it and all, he acknowledges this in some of the earlier transcripts of earlier testimony that you have heard, and it is witnessed by not only the Sheriff, but by John Whiteside, III. You will recall I asked the sheriff who that was and he said a member of the FBI, and you heard the testimony that the FBI investigated this crime also.
Now, I submit to you that when we start talking about this confession, which is Exhibit 2, this confession that was given by this defendant, that with this defendant having the aunt that he has Fannie Lou Hamer, Mrs. Hamer, do any of you really believe, as nationally known as she is, that this confession could have been gotten from this defendant in any other way than how  (Emphasis added.)
MR. BAILEY:
We object, Your Honor, and we ask that the jury be removed from the Courtroom.

*406 THE COURT:

All right, I will ask you to go back into the jury room.
After the jury left the courtroom, the appellant moved that a mistrial be declared contending that the emphasized portion of the above statement by the prosecutor had no relevancy, was not related to any evidence in the case, and was made solely for the purpose of prejudicing the case.
After argument of counsel on the motion, the court sustained the objection to the remarks, but overruled appellant's motion for a mistrial. The jury then returned to the courtroom, and the closing argument was resumed by counsel.
The appellant did not request the trial court to instruct the jury to disregard the county attorney's reference to Mrs. Hamer. If the appellant had so requested, in all probability, the court would have sustained the motion.
We would also point out that Mrs. Fannie Lou Hamer was called as a witness by the appellant in an attempt to show that the incriminating statement given by him was not given freely and voluntarily; and, Mrs. Hamer revealed, while on direct examination, that she was appellant's greataunt. Her participation in the case was brought about at the instance of the appellant; and her presence and participation was well known to the jurors long before the county attorney's reference to her was made in closing argument. We are at a loss to see how the county attorney's statement, if error at all, in any way influenced the outcome of the case. The appellant states in his brief that Mrs. Fannie Lou Hamer is a very prominent person in this State and throughout the United States, and is known for her civil and human rights activities. If her identity and relationship to the appellant were prejudicial, which we do not think they were, the appellant cannot be heard to complain since he brought her into the case. We are therefore of the opinion that the trial judge properly overruled appellant's motion for a mistrial.
The appellant's contention that the verdict is contrary to the overwhelming weight of the evidence is wholly without merit and warrants no discussion.
The judgment of the trial court is therefore affirmed.
Affirmed.
GILLESPIE, C.J., RODGERS, P.J., and SMITH, ROBERTSON, SUGG and BROOM, JJ., concur.