SMITH, Presiding Justice,
for the Court:
Clinton Patrick Pierre was convicted in the Circuit Court of Jackson County of kidnapping and sentenced to thirty years imprisonment. He has appealed here, assigning several grounds upon which he contends that his conviction should be reversed. '
It is first argued that a motion to suppress a statement given to officers by *1128 Pierre following his arrest should have been sustained. The record reflects that a preliminary evidentiary hearing was conducted on the motion. At this hearing the questions presented, namely, whether Pierre was or was not given the Miranda warnings prior to interrogation and whether his statement was voluntary or the result of duress, were fully explored. The testimony for the State, including that of all officers who participated in or were present at the taking of the statement, amply supported the proposition that Pierre did, in fact, receive the warnings required by Miranda before being interrogated, that his statement had been voluntarily given, and that it was not the product of duress or promises or any other improper inducement.
Evidence offered by Pierre to the opposite effect created an issue of fact for the trial judge which he resolved adversely to Pierre’s contentions. In Ratliff v. State, 317 So.2d 403 (Miss.1975), this Court, citing authorities, held:
The voluntariness of a statement and its admissibility in evidence is a question for the court to determine and not a question for the jury. Norwood v. State, 258 So.2d 756 (Miss.1972); Rhone v. State, 254 So.2d 750 (Miss.1971); Buckler v. State, 171 Miss. 353, 157 So. 353 (1934); Whittaker v. State, 169 Miss. 517, 142 So. 474 (1932); Tyler v. State, 159 Miss. 223, 131 So. 417 (1930); Stepney v. City of Columbia, 157 Miss. 193, 127 So. 687 (1930); Stubbs v. State, 148 Miss. 764, 114 So. 827 (1927); Brown v. State, 142 Miss. 335, 107 So. 373 (1926); Lee v. State, 137 Miss. 329, 102 So. 296 (1924); Hunter v. State, 74 Miss. 515, 21 So. 305 (1897); Ellis v. State, 65 Miss. 44, 3 So. 188 (1887); Lego v. Twomey, Warden, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972).
(317 So.2d at 404).
All of the requirements set out in Agee v. State, 185 So.2d 671 (Miss.1966) were met.
Appellant also contends that the case must be reversed because the State was permitted to call a witness in rebuttal who, it is argued, should have testified when the case in chief was presented by the prosecution. In Boston Insurance Company v. Rogers, 247 Miss. 173, 183, 154 So.2d 139 (1963), a civil case, this Court held that allowing testimony in rebuttal (as against the contention that it should have been submitted as part of the case in chief) is a matter which rests in the sound judicial discretion of the trial court. We are unable to agree with the contention of appellant that the giving of the testimony complained of in rebuttal, rather than as part of the State’s case in chief, resulted in such prejudice to his case as to require reversal.
Nor are we able to agree with the assertion that the verdict was against the weight of the evidence.
The evidence in the case fully supports the verdict of the jury finding Pierre guilty of the crime with which he was charged.
Other matters assigned and argued as error have been examined and considered and are found to be without merit.
AFFIRMED.
PATTERSON, C. J., ROBERTSON, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.