KING, C.J.,
for the Court.
¶ 1. Herbert Ernest Grayson was convicted in the Circuit Court of Harrison County of possession of cocaine with the intent to distribute. He was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections (MDOC). Aggrieved, Grayson raises one issue on appeal, which we quote verbatim:
Does the Mississippi and United States Constitutions allow the defendant to have the jury instructed that they should disregard the statement unless it was free, voluntary, and not obtained through improper inducements?
Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. The Gulfport Police Department received a tip from a confidential informant that Grayson was storing and selling large amounts of drugs in his home. Thereafter, the police department set up surveillance of Grayson’s home.
¶ 3. On February 12, 2007, the police department obtained a search warrant for Grayson’s home. On the same day, the surveillance team saw Grayson and Alfy Ray Adams (Alfy), a friend of Grayson’s, leave Grayson’s home. Officer Windell Johnson conducted the traffic stop. Officer Johnson asked Grayson if he had any illegal substances in the vehicle, and Gray-son said no. Grayson gave Officer John *626 son consent to search his vehicle, and Officer Johnson found four ounces of cocaine inside the vehicle.
¶ 4. Thereafter, the police department searched Grayson’s home. Ashley Adams (Ashley), Grayson’s pregnant girlfriend, and their two children were at the home when the police officers arrived. During the search of Grayson’s home, the police found 187.4 grams of cocaine, three bags containing a white powdery substance, a digital scale, and $14,600 in cash. The police took Ashley, Alfy, and Grayson to the police department for questioning. Grayson confessed to the crime.
¶ 5. On August 27, 2007, Grayson was indicted for possession of cocaine with the intent to distribute. Grayson’s trial commenced on February 19, 2008. During the trial, Grayson made a motion to suppress his statement made to the police, arguing that his confession was the product of duress and improper inducement.
¶ 6. Outside of the presence of the jury, Officer Johnson testified that he read Grayson his Miranda warnings, and Gray-son signed a waiver. During the interrogation, Grayson initially denied ownership of the drugs, claiming that the drugs belonged to Alfy. However, he eventually confessed that the drugs belonged to him. Officer Johnson maintained that he did not threaten Grayson or make any promises to him. Grayson testified that the drugs did not belong to him. However, he testified that he only confessed to the crime because Officer Johnson promised him that he would set Ashley free if he did so. Ashley was indeed released from custody. Grayson testified that the promise was not documented on the audiotape of his interrogation because Officer Johnson turned the tape off to discuss the deal with him.
¶ 7. The trial court found that the statement was made knowingly, intelligently, and voluntarily. The statement was admitted into evidence, and Officer Johnson and Grayson each testified regarding their version of events.
¶8. Grayson submitted proposed jury instruction D-3 to the trial court, which charged the jury to disregard his confession if the jury found that the confession was involuntary. The trial court refused to give the instruction, stating that the admissibility of the statement was a matter of law for the trial court’s consideration.
¶ 9. The jury found Grayson guilty of possession of cocaine with the intent to distribute. Grayson was sentenced to twenty-five years in the custody of the MDOC. Thereafter, Grayson filed a motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court denied the motion. Aggrieved, Grayson timely filed his notice of appeal.
ANALYSIS
¶ 10. Grayson argues that the jury should have been allowed to resolve the factual disputes concerning the voluntariness of his statement. Thus, Grayson contends that the trial court erred by refusing to give jury instruction D-3.
¶ 11. This Court reviews the jury instructions given as a whole. Spicer v. State, 921 So.2d 292, 313(43) (Miss.2006) (citing Parks v. State, 884 So.2d 738, 746(26) (Miss.2004)). A defendant is entitled to have jury instructions that present his theory of the case. Id. However, the trial court may refuse to give any jury instruction which incorrectly states the law, is duplicative, or where there is no evidentiary basis for giving the instruction. Id. If the jury instructions given fairly announce the law and create no injustice, this Court will not find any reversible error. See id.
*627 ¶ 12. Grayson submitted jury instruction D-3, which reads as follows:
You are the sole judges of the facts in this case. You may consider the alleged confession in light of the manner in which it was obtained and give it such weight and credibility as you think it is entitled. Unless you believe from the evidence beyond a reasonable doubt that the alleged confession was made by the Defendant both truthfully and of his own free will, and was not the result of any hope of regard or leniency, then you must disregard the alleged confession to the extent that these facts tend to discredit it.
The trial court refused to give the jury instruction, finding that the admissibility of Grayson’s confession was a matter for the trial court to decide.
¶ 13. This Court addressed this issue in Moore v. State, 822 So.2d 1100 (Miss.Ct.App.2002). In Moore, the defendant argued that the trial court erred by refusing to give his proposed jury instruction regarding the voluntariness of his confession, thereby denying him a jury instruction on his theory of the case. Id. at 1107(21). The proposed jury instruction in Moore read as follows:
You may consider the alleged confession in the light of the manner by which you find it was obtained and give it such weight and credibility as you think it is entitled. Unless you believe from the evidence beyond a reasonable doubt that the alleged confession was made by the Defendant, was truthful, was accurately recorded, the Defendant understood what was said, and such confession was made by the Defendant of his own free will and was not extorted by threat of harm or promise of benefit, then you must disregard the alleged confession to the extent that these facts tend to discredit it.
Id. at 1107-08(22). This Court held that the voluntariness and admissibility of the confession were questions for the trial court to decide, not the jury. Id. at 1108(22) (citing Ratliff v. State, 317 So.2d 403, 404 (Miss.1975)). The Court also found that “[ajlthough [the defendant] is correct that he is entitled to an instruction on his theory of the case, he is not entitled to an instruction that singles out particular pieces of evidence.” Id. (citing Manuel v. State, 667 So.2d 590, 592 (Miss.1995)).
¶ 14. Based on the foregoing, we find that the trial court did not err by refusing jury instruction D-3 because the voluntariness and admissibility of Grayson’s confession were issues for the trial court’s consideration. Additionally, like the proposed jury instruction in Moore, jury instruction D-3 improperly singled out Grayson’s confession. The trial court gave a jury instruction that charged the jury with its duty to weigh the credibility of all of the evidence in the case; Grayson’s confession is naturally included in this charge to the jury. We find that the jury instructions given fairly announced the law and created no injustice. Grayson had the opportunity to present his theory of the case through the cross-examination of Officer Johnson and during his own testimony. Based on the verdict, the jury simply did not believe Grayson’s theory of the case. This issue is without merit.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE WITH THE INTENT TO DISTRIBUTE AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*628 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.