Mr. Justice Smith
delivered the opinion of the court.
This was an indictment for negro-stealing. It was tried in the Wilkinson circuit court, and resulted in the conviction of the plaintiff in error.
No objection was made to the instructions given by the court, add no exception taken to the admission of any evidence which was submitted to the jury. A motion was made for a new trial, which, being overruled, a bill of exceptions was filed to the decision of the court on the motion, and the evidence spread upon the record.
The slave, who was the subject of the larceny charged, at the time of the alleged taking, was a runaway, and it is insisted that the fact of the possession of the slave In a neighboring state was no evidence of a felonious taking within the state of Mississippi. A slave who has absconded from the possession of his owner is, nevertheless, in his constructive possession. He might maintain trespass for any injury done to the slave during the period of his absconding. “If one lose his goods and another find them and convert them to his own use, not knowing the owner, this is no larceny; but if the latter knew the owner, or had the means of knowing him, it would be larceny.” A negro, by the laws of this state, is prima facie a slave. If a person, therefore, who is not the owner, take a runaway negro into his possession, with the intent of feloniously converting him to his own use, knowing, or having the means of knowing, the owner or master, it would be larceny. This is settled in the case of Randal v. The State of Mississippi, 4 S. & M. 349.
The next objection is in effect this, that the jury rejected or disregarded that part of the prisoner’s confession which was favorable to him, and gave weight to that which tended to criminate him.
*250 The rule is well settled that statements or confessions of the party to be affected must be delivered to the jury precisely as they were made; that certain facts cannot be extracted and derailed to the jury, and other parts withheld. It is for the jury to give such weight to the whole as in their opinion it merits, and although the whole of the statement or confession must be considered together, yet the jury may, unquestionably, on this, as on every other point of evidence, believe one part and disregard the other. 2 Phil. Ev. n. 224, p. 247. If, therefore, the jury did disregard the part of the confession in which the prisoner states that he purchased the slave, alleged to have been stolen by him, from Scott, it was no error.
The next objction is, that there was no proof of the venue. This is an important objection, for unless it were proved that the larceny was committed within the county of Wilkinson, the court had no jurisdiction, and the finding of the jury was void.
The proof of venue, like the proof of any other fact, may arise from circumstances established by the evidence. Leaving out of view for the present the confession of the prisoner made to the witness Smith, at Mobile, in the state of Alabama, let us see what is the amount of the evidence.
James A. Stewart, the owner of the slave, testified, that the slave ran away from his plantation in Wilkinson county in February preceding the trial; that he had never given the negro permission to go to Mobile, and did not know of his being there until after the arrest of Coon; that the prisoner had always, from infancy, resided in Wilkinson county, and that he had heard of the negro being in' the county about two weeks before the arrest of prisoner at Mobile. This latter statement was clearly incompetent evidence, but as there was no objection made to its admission, the jury were authorized to give what weight to it they saw proper.
The witness, Jas. A. Smith, stated, that he knew Coon well; that he had conversed with him two weeks before he saw him in confinement at Mobile, in Wilkinson county; that the prisoner pre;ended not to know him, and passed in Mobile under *251 the name of William Jones, a name which the witness had never before known the prisoner to assume; that a man named Stocker said, in the presence of the prisoner and witness, that prisoner had given him a due-bill, using the name of William Jones; that he had found prisoner and the negro, alleged to have been stolen by Coon, in jail at Mobile; and that, when they were brought back to the jail in Wilkinson, Coon, in reply to a question.asked by J. S. Cohen, said that Cohen had arrested him and the negro in Mobile; that Cohen had informed witness, that Coon, on his arrest in Mobile, said that the negro had been bought by him from a Kentucky horse-drover.
This evidence was sufficient to fix the possession of the stolen slave upon the prisoner, and under very suspicious circumstances. He had given his due-bill, using a fictitious name; passed generally under the name of Jones, and had, with the slave in his possession, been arrested and confined in jail. The jury would then have had to inquire whether the felonious taking occurred within the county of Wilkinson. The stolen* slave was heard to be in the county two weeks before Coon’s arrest in Mobile. He had. from his infancy, constantly made that county his home. About the same time he was seen in the county. The witness, Smith, knew him well, and had conversed with him. Two weeks from that time, the prisoner is seen at Mobile, with the slave in his possession, under such circumstances, which, if unexplained, would amount to a strong presumption that he had stolen the property. These were certainly potent facts, from which the jury might have inferred that the theft was committed in Wilkinson county. But it may yet be urged, that they do not exclude the fact that the felonious possession was acquired in a neighboring county, or an adjoining state. But his statements or confessions to the witness, Smith, would seem to dispel all doubt, at least to create such strong proof of his guilt, as should, perhaps, induce this court not to disturb the verdict of the jury; particularly as the question for them to decide, and which they did decide, was one of pure fact, lying fully within the range of their appropriate duties.
*252 On arriving at Mobile, the witness, Mr. Smith, as the agent of Mr. Stewart, found the prisoner in jail, under an arrest upon a suspicion of having committed a theft of the negro man Csesar. He also found the negro in custody. After having seen the negro, he went to see the prisoner, who pretended not to know him at first. The witness stated to Coon “that he had come to get the negro that had been stolen from James A. Stewart.” Coon replied, “that he had not stolen the negro, but had bought him from a man named John H. Scott, who lived in Wilkinson county.” Upon being told by Smith that he had never knojvn or heard of John H. Scott, prisoner said Scott was a horse-drover who was sometimes in Wilkinson and sometimes in Amite county. Prisoner desired to be taken back to Wilkinson, “ because he could not get a fair trial in Mobile; that they had arrested him upon the charge of stealing the negro in question.” While there, the prisoner informed witness that he had sold the negro to some one in Mobile for $350. Davis and Lewis, who, from their positions, were likely to know whether such a person as John PI. Scott was a resident of Wilkinson, sivear that they know of no such person, either as a resident or otherwise.
These statements of the prisoner were before the jury, with the opposing evidence of Davis and Lewis. It was for them to give such weight to the whole of the statements as, in their judgments, they merited. It was their duty to consider them together; but if they did, in fact, give credit to such parts of the statements of the prisoner, which, in their opinion, were sustained by other evidence in the cause, or disregard such other parts as were opposed by the testimony of the witnesses, they exercised but a legitimate function of their office. We believe the evidence warranted the conviction, and affirm the judgment.