BROWN *v.* STATE.[*]

(In Banc. March 8, 1926.)

[107 So. 373. No. 25340.]

1. CRIMINAL LAW. *On conflict in evidence as to whether confession was voluntary, question is for trial judge; supreme court will not reverse ruling of trial judge as to admissibility of confession as voluntary, unless it is clearly contrary to evidence.*

Where the state's witnesses, testifying to a confession of the accused, testify that it was freely and voluntarily made without hope of reward or fear of harm inducing the confession, and other witnesses testify to facts that make the confession inadmissible, if believed, the conflict of the evidence is for the trial judge, and this court will not reverse his ruling thereon, unless it is clearly contrary to the evidence.

2. CRIMINAL LAW. *Admissibility of confession is for trial judge, but, if confession is introduced, all facts and circumstances admissible before judge as bearing on its competency may be shown to jury; if jury believe confession was untrue, and was for purpose of securing benefit, or was made because of fear, they may disregard it.*

The admissibility of confessions is for the trial judge, but where a confession is introduced all the facts and circumstances in reference thereto admissible before the judge as bearing on the competency may be shown to the jury in the evidence, and the jury may consider the same, and, if the jury believe the confession was untrue from such surrounding circumstances, and was made

(335)

for the purpose of securing a benefit, or was made because of fear, the jury may after such consideration and conclusion disregard the confession in arriving at a verdict.

3. CRIMINAL LAW. *Refusal of requested instruction that officer should warn prisoner that every statement he may choose to make may be used against him at trial held not error; if confession is free and voluntary, it is admissible against accused, though officer gave him no warning that it would or might be used against him.*

It is not error for the court to refuse an instruction, requested by a person accused of crime, that an officer should warn the prisoner in his charge that every statement he may choose to make may be used against him on his trial. If the confession is free and voluntary, it is admissible against the prisoner, although the officer gave him no warning that such confession would or might be used against him.

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, pp. 724, n. 22; 734; n. 20; 735, n. 34; 738, n. 69, 76; 926, n. 67; 927, n. 69, 71; 1002, n. 21; 1003, n. 32; 17CJ, p. 242, n. 51; Homicide, 30 CJ, p. 310, n. 25.

APPEAL from circuit court of Marshall county. HON. THOS. E. PEGRAM, Judge.

Aubrey Brown was convicted of murder, and he appeals. Affirmed.

*Lester G. Fant,* for appellant.

I. Confessions are not direct evidence; but are in their essential parts hearsay. They are looked upon in the eyes of the law with suspicion, and should be taken with extreme caution by the jury; and if the jury has a reasonable doubt as to the alleged confession being absolutely free and voluntary, then under their oaths as jurors they must disregard the evidence of such confession. *Scagg* v. *State,* 8 S. & M. 722; *Steele* v. *State,* 76 Miss. 387; *Bridges* v. *State,* 86 Miss. 377; *Raines* v. *State,* 81 Miss. 489; *Mask* v. *State,* 36 Miss. 77; *Peter* v. *State,* 4 S. & M. 31; *Jordan* v. *State,* 32 Miss. 382; *Cady* v. *State,* 44 Miss. 333; *Garrard* v. *State,* 50 Miss. 147; *Hunter* v. *State,* 74 Miss. 515; *Ford* v. *State,* 75 Miss. 101.

II.  It is far from the duty of an officer to extort a confession by punishment, threats or hope of reward; but, on the contrary, he should warn his prisoner that every statement he may choose to make may be used against him on his trial.  *Simons* v. *State,* 37 Miss. 288; *Lynes* v. *State,* 36 Miss. 617; *Jones* v. *State,* 58 Miss. 349; *Peden* v. *State,* 61 Miss. 267.

III.  If at the time the first confession is made it is obtained by duress or other illegal methods, then all subsequent confessions are presumed to have been the result of the same coercion.  *Whitley* v. *State,* 78 Miss. 255; *Blalack* v. *State,* 79 Miss. 517; *Durham* v. *State,* 47 So. 545; *Simmons* v. *State,* 61 Miss. 243; *Harvey* v. *State,* 20 So. 837; *Mitchell* v. *State,* 24 So. 312; *Draughn* v. *State,* 76 Miss. 574; *Mackmasters* v. *State,* 82 Miss. 459.

It is far beyond my comprehension why the defendant would make a full confession and tell the whole thing circumstantially, and then get on the stand and absolutely deny it; and, in my judgment, this is very strongly against the confession being free and voluntary.  It is not denied in the record that quite a number of men at different times were allowed to take this prisoner away from the other prisoners, out of the cell and out of the cage part of the jail, and talk to him before there was any confession ever extorted from him.  While, doubtless, the trial judge was honest, I think he was mistaken when he held that this confession was free and voluntary. The circumstances taken with the confession go to establish the truth of the confession, but it is never proper at any time to violate the rules of evidence and to admit testimony that is not competent in order that any certain verdict can be reached.

*J. A. Lauderdale,* special assistant attorney-general, for the state.

Counsel for appellant assigns as error the action of the trial court in admitting in evidence the confession

of the defendant made to Ed Williams and later to Mr. Ford and Mr. Doxey. The confesson of the defendant was properly and legally admitted as competent evidence in the case. Under the facts developed under the direction of the court in the preliminary examination, it was definitely and conclusively established to a moral certainty and beyond all reasonable doubt that the confession of the defendant was freely and voluntarily made by him; that it was not procured by threats, nor by putting appellant in fear, nor by promises or hope of any reward or leniency. The court found these facts to be true from the evidence beyond all reasonable doubt and held that the confession was competent evidence and allowed it to go to the jury.

After the confession was introduced, the state and defense were allowed to prove and did prove in the presence of the jury, all alleged facts and circumstances under which the confession was made. There were no more facts developed before the jury that would be a ground for the court afterwards to exclude the testimony of the confession. In fact, defendant did not move to have it excluded as there were no new facts developed justifying its exclusion. It is the duty of the court, if he believes beyond all reasonable doubt, from the testimony submitted at the preliminary examination as to the competency of the confession, that it was freely and voluntarily made to admit it in evidence. *Hunter* v. *State,* 74 Miss. 515; *Williams* v. *State,* 72 Miss. 170; *Ellis* v. *State,* 65 Miss. 44; *Simmons* v. *State,* 61 Miss. 243. The judgment of the trial court should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, Aubry Brown, was indicted for the murder of W. W. Pate, tried and convicted, and sentenced to death.

The deceased was a man about fifty-five years of age who lived in Marshall county, Miss., near Collierville,

Tenn., and owned and managed a country store near that place. He lived in the back end of the store, and this was generally known to the community. On the morning of February 19, 1925, the deceased was found dead, and apparently had been dead for some ten or twelve hours. There were about eleven wounds on his head and face, most of which would have been fatal. These wounds were made by a heavy blunt instrument or instruments. Near the body was found a bloody iron pin with a large head and a bloody ax. Mr. Pate's watch, which he usually wore, was missing from his person, and a trunk, dresser, and other articles in the bedroom had been opened and ransacked, and burnt matches were scattered around the room.

Vinie Canada, wife of the appellant's uncle, testified that the appellant came to her home about two and one-half miles west of Collierville, about nine thirty p. m., February 18th, the date of the murder; that he was excited and nervous; that he claimed he had no money, or only a few cents, but that she saw him with a twenty dollar bill; that soon after he came to the house he got a pan of water and washed a blood spot from the sleeve of his jumper; that he left next morning going on a train to Memphis.

The appellant was arrested the 12th day of May, 1925, in Tennessee, and on the 13th day of May was placed in jail at Holly Springs, Miss. On the 18th day of May he confessed his guilt and gave full details of the commission of the murder to the county jailer. This confession was first heard before the judge on a preliminary inquiry, and the testimony of the state's witnesses was to the effect that the statement was voluntarily made, without any inducement or threat. The defendant and another witness, who was in jail with the appellant at the time, testified that the confession was secured by placing the appellant in fear, detailing such alleged facts as would render it incompetent, if believed. There were subsequent confessions on two different occasions, all

of which were shown by the state's witnesses to have been freely and voluntarily made, and all of which were denied by the appellant and his other witness as being freely and voluntarily made.

The trial judge stated in the record that he was satisfied beyond a reasonable doubt of the truth of the statements made by the state's witnesses and that such confessions were freely and voluntarily made.

After the confession was made, the watch, stated by the appellant in the confession to have been pawned at a pawn shop on Beal street, Memphis, Tenn., in the name of William Wynn, was found at the said pawn shop and was identified on the trial as being the watch owned and worn by the deceased prior to the killing. The confession was circumstantially made; that is, the circumstances were detailed at length, and the confession was supported and corroborated by the physical facts and by the fact that the watch was found as detailed in the confession and was fully identified.

It is insisted by the appellant that the court erred in admitting the confessions. We think the record fully supports the opinion of the trial judge that the confession was free and voluntary.

It is also contended as error that the court erred in refusing the instructions 1 and 2, requested by the appellant and refused by the court. These instructions read as follows:

Instruction No. 1: "The court instructs the jury that alleged confessions are not direct evidence, but are in their essential parts hearsay, and are looked upon in the eyes of the law with suspicion, and should be taken with extreme caution by the jury; and, if the jury have a reasonable doubt as to the alleged confession being absolutely free and voluntary, then, under oath as jurors, they must, *not* may, disregard the evidence of such confession.

Instruction No. 2: "The court instructs the jury for the defendant, Aubry Brown, that it is far from the duty

of an officer to extort a confession by punishment, threats, or hope of reward, but, on the contrary, he should warn his prisoner that every statement he may choose to make may be used against him on his trial; and if you believe from the evidence in this case that he received no such warning from Deputy Sheriff Williams, the jailer, at the time that he made the first confession to him, and that the subsequent confessions were made because of his previous confession to Mr. Williams, then, under the law, you must not consider such confession or confessions in the making up of your verdict.''

It was not error to refuse these instructions. The admissibility of confessions is for the court alone, but when they are in evidence the jury must consider them like other evidence. If they believe after such consideration that they are false, they may disregard them, for they are not bound to believe them because the judge admitted them. If they think they were made because of fear, or for a hope of reward or aid, and not because of the truth, the jury may then, after such finding, disregard them in their further deliberations. *Ellis* v. *State,* 3 So. 188, 65 Miss. 44, 7 Am. St. Rep. 634; *Williams* v. *State,* 16 So. 296, 72 Miss. 117.

The appellant obtained seventeen instructions, and the principles contended for in the refused instructions were given the jury in the given instructions. The jury were told by the given instructions ''that slight expressions calculated to engender hope of benefit, or fear of injury, will vitiate the confession made thereon, and if you believe from the evidence in this case that defendant, at the time he made the confession to the officers, did so because of fear of what might befall him if he did not confess,'' then they (the jury) should not consider the alleged confessions in making up their verdict. These principles—that the jury would disregard the confessions in making up their verdict if they believed they were obtained by fear of what would happen if he did not make

them, or hope of reward—appear in several of the instructions given for the defendant.

It is true that the jailer in his testimony stated that he did not warn the appellant that the confession would be used as evidence against him in case he made it. But he did not, according to his testimony, hold out any inducement or resort to any threat or anything to inspire fear of danger or hope of reward.

We have held that the fact that the officer does not specifically inform the accused that any statement made by him will be used or may be used in evidence against him does not vitiate a confession where there was no threat of harm or hope of reward held out; the latest holding being in the case of *Donahue* v. *State,* 107 So. 15, recently decided.

We find no reversible error in the record. There is ample evidence to prove the guilt of the appellant. The judgment of the lower court will therefore be affirmed, and Friday, April the 16th, be fixed as the day of execution.

*Affirmed.*

COOK, J., took no part in the decision of this case.