## BUCKLER *v.* STATE.

(In Banc. Oct. 29, 1934).

[157 So. 353. No. 31289.]

G. Ramsey Russell and Earl S. Solomon, both of Greenville, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the state.

**Cook, J.**, delivered the opinion of the court.

In the circuit court of Washington county, the appellant, Oliver Buckler, was convicted of murder and sentenced to be hanged, and from this conviction and sentence this appeal was prosecuted.

The testimony show that Martin Robinson, a tenant on a plantation near Greenville, lived alone in a cabin on the place. On Thursday, July 30, 1933, one of the tenants who was ploughing near this cabin detected a foul odor emanating therefrom and reported this fact to others. An investigation was then made by two of the neighbors and the body of Robinson was found on his bed, partly covered with a sheet, and in a badly decomposed state. His head had been crushed with some blunt instrument, and an axe was found lying near by. The bed upon which he was lying was blood-stained, and there were blood stains on the floor, which bore evidence that some one had tried to clean it. On Saturday evening, after the body of the deceased was found on Thursday, the appellant carried a pair of shoes to the home of a neighbor and told this neighbor that some one had broken into his home and had stolen some groceries and left a pair of shoes, "setting there at the cottonhouse." On the following day the shoes were identified as belonging to the deceased, and thereupon the appellant was arrested and placed in jail.

The sheriff testified that on Sunday night, a few hours after the appellant was placed in jail, he made a full, free, and voluntary confession to him. This confession was admitted in evidence over the objection of the appellant, and was, in substance, that the appellant went to the home of the deceased about eleven o'clock P. M. on the preceding Sunday and called the deceased; that the deceased invited him into the house, and that they sat there for some time talking and smoking; that he (the appellant) then picked up an axe which

was near by, and struck the deceased three blows on the head, killing him; and that he then placed the deceased on the bed and took his clothes and certain cooking utensils and left the house. The sheriff further testified that the appellant also told him that he had no quarrel or argument with the deceased, but killed him because he wanted his clothes. He further informed the sheriff that he had hid the clothing which he took from the home of the deceased two or three hundred yards behind his (the appellant's) home, and offered to point out the place. The next morning he was carried to his home and there pointed out the place where the clothes were hid. All of the articles of clothing that were concealed behind the appellant's home were identified as having belonged to the deceased.

When this confession was offered in evidence, the appellant interposed an objection, and, in the absence of the jury, a preliminary inquiry was had to determine its admissibility. The sheriff testified that there were no threats or duress of any kind used or inducements offered to cause the appellant to make the statement, and that it was entirely free and voluntary. The appellant then testified that before he was placed in jail the deputy sheriff told him that "if he didn't tell it, he was going to beat him," and that the sheriff told him that it would be better for him if he told it. In rebuttal, the sheriff and deputy sheriff emphatically denied making these statements, and another witness who was with the deputy sheriff during the entire time he had the appellant in custody testified that no threat of violence was made by the deputy. Upon this evidence the court held that the confession was admissible.

The appellant testified in his own behalf that two weeks before the killing he loaned the deceased five dollars, and that the deceased pawned his clothes to him as security therefor, but retained the possession of them; that on Sunday night before the body was found on

Thursday he went to the home of the deceased to collect the five dollars owing him; that he talked with the deceased in his home for some time, and that they then got into an argument about the repayment of the loan of five dollars, and he started to leave the house; that the deceased then struck him across the shoulder with an iron rod, called a "wagon iron," and knocked him to his knees; that he then picked up the axe and struck the deceased on the head and knocked him down; that, as the deceased tried to get up, he knocked him down again with the axe, and that he struck him the third time before he finally killed him; that he then placed his body on the bed, pulled a sheet over it, gathered up the clothing and a cooking utensil, locked the door, and left the premises. He further testified that he killed the deceased because he believed that he was in danger of losing his life, and that he took the clothes because he believed they belonged to him after the appellant died.

On cross-examination he was examined at length with reference to a confession which he made to the county attorney, and which he admitted was made voluntarily, and after he had been fully warned that he did not have to make any statement, and that any statement he made would be used against him. He admitted that he stated in this confession that he struck the deceased while he was sitting down, and he also admitted that he did not mention the fact that the deceased had struck him with an iron rod in either his confession to the sheriff or subsequent confession to the county attorney. In explanation of these omissions, he stated that he forgot it when he made the statement to the sheriff, and that he did not mention it to the county attorney for the reason that he knew he would have an opportunity to tell it in court.

The first two propositions argued by counsel for the appellant are that the evidence fails to show sufficient motive for the killing, and that it shows that the killing was in self-defense.

There was evidence to the effect that prior to the killing the appellant was in rags, while after the killing he was wearing reasonably good clothes. He offered an explanation as to where he secured these clothes, but in his confession he stated that his conversation with the deceased before the killing was entirely friendly, that they had no sort of argument or dispute, and that he killed the deceased for his clothes. The jury was warranted in believing this statement, which showed sufficient motive for the crime. But, aside from that fact, it is not indispensable that motive be shown in order to sustain a conviction of murder. Johnson v. State, 140 Miss. 889, 105 So. 742; House v. State, 94 Miss. 107, 48 So. 3, 21 L. R. A. (N. S.) 840.

The confession of appellant, taken in connection with the circumstances shown by the evidence, makes a clear case of murder of the most brutal type, while the appellant's testimony tends to support the theory of self-defense. The law applicable to the theory of self-defense was accurately and elaborately set forth in the instructions; and it was peculiarly the province of the jury to determine the issue presented.

Finally, the appellant contends that the confession made to the sheriff was inadmissible, for the reason that it was not shown to be free and voluntary. As hereinbefore stated, the court conducted a preliminary inquiry as to the competency of his confession, and, while there was some conflict in the evidence offered at this inquiry, the finding of the trial judge that the confession was freely and voluntarily made, without hope of reward or fear of harm, is amply supported by the evidence. It is the province of the trial judge to pass upon conflicts in the evidence bearing upon the competency and admissibility of confessions, and this court will not reverse his ruling thereon, unless it is clearly contrary to the weight of the evidence. Brown v. State, 142 Miss. 335, 107 So. 373; Stubbs v. State, 148 Miss. 764, 114 So. 827.

We find no reversible error in the record, and therefore the judgment of the court below will be affirmed, and Thursday, December 6, 1934, is fixed as the date for the execution of the sentence.

Affirmed, and Thursday, December 6, 1934, fixed for execution of sentence.