WOHNER *et al. v.* STATE.

(Division A. April 13, 1936.)

[167 So. 622. No. 31903.]

Jack M. Greaves, of Pocahontas, C. B. Greaves, of Flora, and R. Sidney Powell, of Canton, for appellants.

· **W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

ON SUGGESTION OF ERROR.

**Cook, J.,** delivered the opinion of the court on suggestion of error.

On a former day of this term we affirmed, without a written opinion, the conviction of appellants on a charge of burglary. 165 So. 624. They have now filed a suggestion that we erred in so doing, and in support of that view rely on the case of Ed Brown et al. v. State, 56 S.

Ct. 461, 80 L. Ed. —, decided by the Supreme Court of the United States on February 17, 1936; the contention on this point being that the court below should have, on its own motion, excluded certain confessions of the appellants.

The facts in the case of Ed Brown et al. v. State, supra, are clearly distinguishable from those here involved, and consequently that case is neither controlling nor in point, as we shall hereinafter point out.

In the case at bar the testimony as to confessions of the appellants was submitted to the jury without any objection whatever, and without any request that a preliminary inquiry be conducted to determine the competency of these confessions. The marshal of the city of Canton testified that on the morning after the alleged burglary he arrested Marcello Wohner as a suspect, carried him to his private office, and there questioned him, that he admitted that he, in company with the three other appellants, broke into the store and stole a slot machine therefrom, and that Wohner then told him where they had carried the slot machine and had broken it to pieces with an ax secured by the appellants, Robert Smith and Earl Coleman, from a nearby house. This witness further testified that he then placed the appellant Marcello Wohner in the city jail, and went out and arrested Robert Smith and Earl Coleman and locked one of them in a private toilet, and the other in a closet opening into his office, and then went out and searched for the appellant, Johnnie Neal, who was arrested later in the day.

This witness further testified that Earl Coleman and Johnnie Neal confessed their part in the burglary, and that their statements were practically the same as that of Wohner; that Robert Smith denied all knowledge of the burglary, but, when confronted with the three other defendants, he stated to them the following: "I told you all when you got this damned little nigger in it he was too young and would tell, now he has done exactly what

I told you he was going to do, and we are in it.'' The marshal further testified that the toilet and closet in which Earl Coleman and Robert Smith were locked for about thirty minutes were connected with his private office, and were sufficiently ventilated, and that the toilet was supplied with water, soap, and towels. He further testified that he made no promise to the appellants, and did not abuse them in any way, but that he did not warn any of them, except Marcello Wohner, that any statements they made would be used against them. He also testified that each of the appellants pleaded guilty at the preliminary hearing in the mayor's court. The testimony of the marshal as to these alleged confessions and the circumstances under which they were made was fully corroborated by the testimony of two other witnesses who were present when the confessions were made. These witnesses also testified that later Wohner pointed out to them the place where the slot machine was broken up.

At the conclusion of the state's evidence, there was a motion to exclude it and to direct a verdict of not guilty, on the ground, insofar as it pertained to the admissibility of the confessions, that the officer to whom the confessions were made did not warn them that any statement they might make would be used against them. This motion to exclude the evidence was overruled.

For the defense, the appellants Marcello Wohner and Earl Coleman admitted that they confessed their participation in the crime, but testified that they did so solely on account of very severe whippings and beatings administered to them by the city marshal. Johnnie Neal and Robert Smith each testified that he was not whipped or mistreated in any way, and each of them denied making any confessions. Neither of the appellants who were locked in the small rooms adjacent to the marshal's office claimed to have suffered the slightest discomfort therefrom, and all of them denied pleading guilty in the mayor's court.

In rebuttal, the mayor of the city of Canton testified that each of the appellants voluntarily pleaded guilty at the preliminary hearing in his court. The city marshal and the two witnesses, who the appellants claimed were present when said whippings were administered to them, emphatically denied that any sort of force, duress, or violence was used toward any of them, and testified that their confessions were entirely free and voluntary.

There was no merit in the motion to exclude the state's evidence and to direct a verdict of not guilty. It has been repeatedly held in this state that confessions of an accused are not rendered incompetent by reason of the failure of an officer to warn the prisoner that his statement might be used against him. Carothers v. State, 121 Miss. 762, 83 So. 809; Thomas v. State (Miss.), 124 So. 766; Brown v. State, 142 Miss. 335, 107 So. 373, and Nichols v. State, 165 Miss. 114, 145 So. 903.

The decision of the Supreme Court of the United States in the Ed Brown Case, supra, proceeded on the theory that it was shown, without conflict, that the confessions were coerced, while in the case at bar every alleged act of coercion was emphatically denied by each of the persons who were alleged to have been present. The request for a peremptory instruction at the close of the evidence did not raise the question of the competency of these confessions, and that question was not otherwise raised by a motion to exclude them after the evidence tending to show their incompetency was produced. Conceding, however, for the purpose of this decision only, that, when confessions which are apparently competent have been admitted without objection, and it is afterwards made to appear, without dispute, that said confessions were not freely and voluntarily made, it is then the duty of the court, of its own motion, to exclude them, still this duty is not an absolute one where the testimony bearing upon the admissibility of confessions is conflicting. It has been the long-established rule in this state that it is the

exclusive province of the trial judge to pass upon conflicts in the evidence bearing upon the competency and admissibility of confessions, and that his rulings thereon will not be reversed unless clearly contrary to the weight of the evidence. Jones v. State, 58 Miss. 349; Ellis v. State, 65 Miss. 44, 3 So. 188, 7 Am. St. Rep. 634; Brown v. State, 142 Miss. 335, 107 So. 373; Stubbs v. State, 148 Miss. 764, 114 So. 827; Buckler v. State, 171 Miss. 353, 157 So. 353.

In the case at bar the evidence abundantly supports the view that the confessions were freely and voluntarily made, and, this being true, we cannot say that the court below was in error in failing, of its own motion, to exclude them. It is not the rule, and we assume it never will be the rule, that the mere fact that a defendant produces testimony tending to prove that his confessions were coerced renders them incompetent, although the evidence on the point is conflicting. In such cases the trial court must determine the issue presented by the conflicting evidence, and, where its decision is fully supported by the evidence, it will not be reversed. The suggestion of error will therefore be overruled.

Overruled.