BARTEE *v*. STATE.

(Division A. Dec. 6, 1937.)

[177 So. 355. No. 32976.]

Brewer & Hewitt, of Jackson, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

Argued orally by **W. H. Hewitt**, for appellant, and by **W. D. Conn, Jr.**, for the State.

**McGehee, J.**, delivered the opinion of the court.

The sole question involved here on this appeal is whether or not the acknowledged confession of the appellant, George Bartee, to the crime of burglary, on which he was tried and convicted in the circuit court of Hinds county, was freely and voluntarily made.

It was contended by the appellant upon the trial that, on the night of December 30, 1936, he was arrested and placed in the city jail at Jackson, Miss., as a suspect in connection with the burglary of Jitney Jungle Store No. 2 on South Gallatin street, which had been burglarized and from which a considerable quantity of cigarettes and some cigars had been stolen; that after he was placed in the city jail, at a late hour that night he was subjected to considerable punishment and torture by certain city officials for the purpose of obtaining his confession to the crime; that on the next afternoon, he was removed from the city jail, driven in an automobile to a place be-

hind the state fair grounds, and severely beaten in a further effort to extort a confession from him; that upon his continued failure and persistent refusal to make a confession, he was finally returned to the city jail, and was then released from custody; that on the next day he went to see Dr. F. E. Rehfeldt, a local physician, to be examined and treated for his injuries; and that he then also conferred with Stuart C. Broom, a local attorney, who observed the injuries complained of. He is corroborated by the testimony of both Dr. Rehfeldt and Mr. Broom as to the extent to which he had been injured by external violence, but they were, of course, unable to testify as to the source from which he received his injuries other than what he had told them. He was likewise corroborated by one Annie Robinson who kept the boarding house where he stayed, as to the fact of his having recently been beaten up by someone, when she saw him shortly after he left the city jail that evening.

It does not appear from the record as to what was the nature or source of any information that may have been received by the officers as to the guilt of the appellant of this crime when he was taken into custody and kept in the city jail on the night of the 30th and throughout the 31st day of December. But he was rearrested on the evening of January 9th, upon information regarding his alleged sale of cigarettes about the premises of a local hotel, and was again placed in the city jail, where he claims to have been further tortured and punished, and, especially, from the hour of about 8 or 8:30 a. m. until 11:00 a. m. on the morning of January 10th, when he finally confessed to the crime.

It is not necessary to discuss here the details of his alleged punishment and torture, since the trial court, before admitting the confession in evidence, held a preliminary inquiry as to whether or not it had been obtained in the manner detailed by the appellant, and held that his confession had been freely and voluntarily made. In this finding the trial court is supported by the testi-

mony of five police officers, who were alleged by the appellant to have participated in his alleged mistreatment, and others who had an opportunity to know his condition and to know whether his statements were true, and all of whom denied any knowledge of the alleged punishment and torture.

Under the rule announced in the cases of Brown v. State, 142 Miss. 335, 107 So. 373; Stubbs v. State, 148 Miss. 764, 114 So. 827; Buckler v. State, 171 Miss. 353, 157 So. 353; Keeton v. State, 175 Miss. 631, 167 So. 68; Wohner et al. v. State, 175 Miss. 428, 167 So. 622, where the evidence on the admissibility of a confession is conflicting, the trial judge's finding is not to be disturbed unless it can be said from the record that his finding and his judgment in the matter were clearly contrary to the evidence. We are, therefore, not warranted in holding that the confession was obtained in the manner testified to by the appellant, insofar as the evidence is in conflict in regard thereto. There is no conflict, however, in the testimony to the effect that when the confession was finally obtained, at about 11 o'clock on the morning of January 10th, two of the police officers had been closeted with the appellant, for the purpose of inducing him to confess, for at least 2½ or 3 hours, notwithstanding his repeated refusal to make a confession in response to continued efforts in that behalf prior to that time. And it is shown by the testimony of the officers themselves that, immediately before the confession was made, one of the city police officers came into the room where the appellant was still being detained by the other two as aforesaid (and at a time when a Department of Justice agent was at the city jail, although not in the room with the appellant and the officers), and said, in connection with the supposed theft of some cigarettes in New Orleans by the appellant: " 'Well, if you got these cigarettes down in New Orleans, we have a New Orleans man here who will take care of the case, if you have crossed over the state line with any of them to amount to anything,'

and shortly after then Mr. Holden made the remarks, 'He says he doesn't care anything about too many laws getting mixed up in the cigarettes, that he never got the cigarettes from New Orleans, that he got them here in town.' " This statement was made by the officer, after he had denied that the confession was obtained by personal violence, in response to a question as to what then was the reason for appellant's making his confession. We are of the opinion that the expressed intention of the police officer to turn the appellant over to the Department of Justice agent, to be carried to New Orleans on a federal charge, taken in connection with the fact that they had not been able to otherwise obtain a confession up to that moment after repeated efforts so to do, clearly shows that the confession was not freely and voluntarily made. The same influence which rendered this confession involuntary was present and controlling in the further confession made to the owner of the store a few minutes later while appellant was still in the custody of the same two police officers who obtained the former confession.

In order to make competent a confession of guilt by a defendant charged with crime, the evidence must exclude every reasonable doubt that the confession was freely and voluntarily made. Ellis v. State, 65 Miss. 44, 3 So. 188, 7 Am. St. Rep. 634; Williams v. State, 72 Miss. 117, 16 So. 296; State v. Smith, 72 Miss. 420, 18 So. 482; Johnson v. State, 107 Miss. 196, 65 So. 218, 51 L. R. A. (N. S.) 1183. See, also, in this connection Blalack v. State, 79 Miss. 517, 31 So. 105, and White v. State, 129 Miss. 182, 91 So. 903, 24 A. L. R. 699.

Reversed and remanded.