ALLEN v. STATE.

(Division A. Jan. 3, 1938.)

[177 So. 787. No. 32977.]

G. Q. Whitfield, of Jackson, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

Argued orally by **G. Q. Whitfield**, for appellant, and by **W. D. Conn, Jr.**, for the State.

**McGowen, J.**, delivered the opinion of the court.

The appellant was tried and convicted of burglary, and sentenced to serve a term in the state penitentiary. He prosecutes an appeal here.

The evidence for the State shows that the Dixie Sandwich Shop, operated by Frank Jones, at midnight of December 20, 1936, was securely locked by him; that upon being notified an hour or more later that his place of business had been broken into, he went there and found that the screen ventilator over the front door had been cut all the way across, and also that a slot machine music box had been broken into; that some candy was missing, and some sausage had been moved from one point to another in the store.

Two policemen, J. W. Hill and C. M. Bardin, testified, in substance, that about 12:30 in the morning, they inspected this store; that later they found the appellant coming out of the store, chased, caught, and arrested him, and that at the store appellant orally, freely, and voluntarily, confessed to them that he cut the wire of the ventilator but did not enter at that point, but, by force, pushed open the back door; that his purpose in

entering the store was to get money to carry home to his wife.

The competency of this oral confession, as detailed by the police officers, was passed upon by the court on a preliminary inquiry, in which inquiry the appellant testified, admitting that he was arrested but denying that he had burglarized the store, and stating that he had been to a dance; that the officers arrested him near his home, and demanded that he confess, stating to him that they would make him confess, or "beat hell out of him."

At the conclusion of this preliminary inquiry, counsel for the appellant stated to the court that the State had procured, and had in its possession, a written confession signed by the appellant after he had been tortured at the jail by the officers, and that the State ought to be compelled to introduce the written confession in order that the appellant might attack it and might show that it was the result of coercion. The court declined to order the alleged written confession introduced, for the reason that the appellant had denied making the oral confession, which was offered in evidence. After this ruling of the court, counsel for the appellant then stated to the court that the occurrence at the jail, the beating and torture of the accused, would be competent as corroborative of appellant's statement that he had not confessed prior to his being beaten and tortured. The court declined to hear this evidence, and held that the oral confession was competent to go to the jury.

The evidence of the two officers as to the oral confession of the appellant was offered before the jury. The appellant, testifying in his own behalf, stated that he did not make an oral confession to the officers upon his arrest at the store. When counsel were about to interrogate him as to the occurrence at the jail, upon objection by the State that the occurrence at the jail had nothing to do with the case, the court heard the evidence of the accused out of the presence of the jury. Appellant stated

that he was on the street lawfully returning to his home when the said officers arrested him, took him to the store, and accused him of breaking into it; that one of the policemen said to him: "We are going to beat hell out of you, you did go in there. I says, 'No sir, I did not.'" The officers then took him to the police station and locked him in jail. "And the little fellow, one of the police officers says: 'We will carry him on up and make him confess anyhow.'"

What occurred at the jail is as follows:

"Q. Now tell the court whether or not they carried out that threat, or whether any policeman, after you were carried to jail, did undertake to beat hell out of you. A. They did, but I don't know who they were after they got to jail.

"Q. How long after you got in jail, and were landed in jail, did they come up and get you? A. About fifteen minutes after I was in jail."

The appellant then testified that they carried him to a little room and accused him of burglary, saying: "They told me, 'You are telling a damned lie; you are going to tell the truth; you didn't tell the other men the truth.'" They then struck him; handcuffed his hands to his knees, placed a rod, called a "mule," between his arms and chest, and put one end of this rod on the bench and the other end on a table, and spun him over and over. After being thus tortured, they asked him if he was ready to confess, and he told them that he would confess to anything, and he did sign a confession.

On motion of the State, the evidence we have detailed above was excluded from the jury; and this action of the court is assigned as error here.

On the preliminary inquiry by the court, the issue for it to determine was whether or not the alleged confession was given freely and voluntarily. When the evidence was submitted to the jury, it was then an issue for it to determine whether or not the accused had made

the oral confession attributed to him. His evidence, though not corroborated, shows that the officers told him that they would take him to the jail and make him confess by beating him; that fifteen minutes after he had been placed in the jail by these officers, some men, whom he did not know, did beat and torture him, and procured from him a written confession. The officers who tortured him as he detailed, said to him: "You didn't tell the other men the truth." Coming so soon after the threat to beat him had been made by the officers, Hill and Bardin, the evidence was competent as tending to corroborate his statement that he had not made the oral confession offered in evidence.

In the light of the testimony of the accused, the evidence of what occurred at the jail is competent. It tends to support his theory of the case that he had not confessed orally for the reason that those in charge of him at the jail had found it necessary to torture him to procure the demanded confession, and to show that they were cognizant of the fact that he had not orally confessed.

When an extrajudicial confession is offered against an accused, it is the duty of the court to determine, as a matter of law, whether or not such a confession may be offered to the jury as a free and voluntary statement of the one accused, and, when held to be competent by the court, its weight and sufficiency, together with the circumstances under which such confession is made, are left to the jury. *With all the circumstances before it,* the jury may, if the facts warrant, believe that the witness who testified as to the confession did so falsely, and, in that situation, disbelieve the witness and attach no weight to his evidence. Hunter v. State, 74 Miss. 515, 21 So. 305, and Coon v. State, 13 Smedes & M. 246. If a confession is free and voluntary, the court hears evidence on that issue, determines that it is competent, and admits it in evidence; or if the court is of the opinion that it is not free and voluntary, then the court, as a matter of law, excludes the confession from the jury,

holding it incompetent. See Johnson v. State, 107 Miss. 196, 65 So. 218, 51 L. R. A. (N. S.) 1183.

After the competency of a confession has been passed upon by the court and admitted, the question as to its competency may be again submitted to the court and is permitted then to go to the jury, with all the facts and circumstances surrounding the person who is accused of making the confession, and there arises a reasonable doubt in the mind of the court as to whether or not the confession was free and voluntary, it is within the power and duty of the court to exclude such confession. Johnson v. State, supra; Fisher v. State, 145 Miss. 116, 110 So. 361. "It is the province of the trial judge to pass upon the conflicts in the evidence bearing upon the competency and admissibility of confessions, and this court will not reverse his ruling thereon, unless it is clearly contrary to weight of the evidence." See Buckler v. State, 171 Miss. 353, 157 So. 353, 355; Brown v. State, 142 Miss. 335, 107 So. 373; Stubbs v. State, 148 Miss. 764, 114 So. 827. We think the evidence offered before the jury and excluded, was competent and material, and constitutes reversible error.

We have not considered the objection to the action of the court in passing upon the competency of the confession as to the same evidence, for the reason that the case must be reversed and the error, if any, is not likely to occur again.

Reversed and remanded.