# HUMPHRIES *et al. v.* STATE.

(Division A. March 14, 1938.)

[179 So. 561. No. 33082.]

Jaap & Higgins and Louise Melton, all of Jackson, for appellants.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

Argued orally by **C. O. Jaap** for appellant and by **W. D. Conn, jr.,** for the State.

**McGehee, J.,** delivered the opinion of the court.

The appellants, Willie Humphries and Richard Harris, were jointly tried and convicted of the crime of robbery and sentenced to serve a term of five years in the penitentiary. In the consideration of their appeal here, we deem it unnecessary to refer to the direct testimony regarding their alleged participation in the commission of the crime, except to say that as to the appellant Richard

Harris there was not sufficient evidence to warrant the submission of the case to the jury; neither is a recital of the actual facts and circumstances connected with the robbery itself, and which may tend to establish the guilt of Willie Humphries, essential to an understanding of the question presented here for decision.

The conviction of Willie Humphries was based, in part, on an alleged written confession which the state claims to have obtained from him after he was arrested and placed in the city jail at Jackson. A preliminary inquiry was had by the court, out of the presence and hearing of the jury, to determine whether the purported confession had been freely and voluntarily made.

Upon the hearing of this issue, Willie Humphries denied having made the confession, but admitted that a written document was presented to him in the jail, for his signature, at an early hour of the next morning following his arrest, and after he had been severely beaten and tortured, but which, he says, he refused to sign. He could write his name; but he testified that a pencil was placed by the officers between his fingers and that one of them forcibly held his hand and made, over his protest, what purported to be his mark in the signature written by the officer. The document offered in evidence by the state had been signed by means of a cross-mark made with pen and ink instead of a pencil, and the court held that the effect of the testimony of the accused was to deny the making of any confession at all, and that it would not be competent or relevant to prove the facts and circumstances of the alleged abuse and torture to show duress; and since the court held that the testimony as to what transpired prior to the making of his mark on the purported confession was incompetent and irrelevant on the preliminary inquiry, we must assume, of course, that such testimony was not considered by the court in passing on the question as to whether the purported confession had been freely and voluntarily made.

We arrive at this conclusion for the further reason that neither the testimony of Willie Humphries nor that of his codefendant, Richard Harris, as to the alleged mistreatment of Willie Humphries was disputed by any witness.

The state, however, did introduce a lady who was employed at the city hall, and she testified that she typed the written statement as it was being given by Willie Humphries, but the circumstances show that she was not present at the time he claimed to have been beaten and tortured in the manner hereinafter mentioned. When she was asked whether he signed the statement, her reply was: "I am sure he did." However, her testimony fails to show that she was looking at the accused at the time the cross-mark was made on the document. She identified the document typed by her, which was signed with pen and ink, as being the one taken while she was present. This document was later introduced and read to the jury as the confession of Willie Humphries, and, upon the objection of the state, he was not permitted to relate to the jury the facts and circumstances as to what transpired shortly prior to the making of his cross-mark on whatever document he may have signed.

In view of the fact that the jury may have been warranted in reaching the conclusion that the accused was mistaken in regard to whether the cross-mark in question was made with a pencil instead of by the use of pen and ink, we think it was error to deny him the right to show the facts and circumstances of his alleged mistreatment if the writing was to be considered by the jury as his confession. The jury was entitled to have the benefit of this testimony in determining the controversial issue as to whether the purported cross-mark on the document was the appellant's own act, since the jury was permitted to receive and consider the document as having been signed by him.

In the case of Hunter v. State 74 Miss. 515, 21 So. 305,

306, in an opinion written by Judge Whitfield, the court said: "The court determines the competency of a confession, as being voluntary; and the jury cannot then disregard it, or fail to consider it, as evidence. All competent testimony, they must consider and weigh. If they believe the witnesses testifying to the confession are testifying corruptly and falsely, they can disbelieve such witnesses as to that, and attach no weight to the confession."

Again, in the case of Allen v. State, Miss., 177 So. 787, 789, the court said: "When an extrajudicial confession is offered against an accused, it is the duty of the court to determine, as a matter of law, whether or not such a confession may be offered to the jury as a free and voluntary statement of the one accused, and, when held to be competent by the court, its weight and sufficiency, together with the circumstances under which such confession is made, are left to the jury. With all the circumstances before it, the jury may, if the facts warrant, believe that the witness who testified as to the confession did so falsely, and, in that situation, disbelieve the witness and attach no weight to his evidence. Hunter v. State, 74 Miss. 515, 21 So. 305, and Coon v. State, 13 Smedes & M. 246." It is true that a somewhat different situation prevailed in the case of Allen v. State, supra, to that presented by the facts of the present case; but the principle above announced is nevertheless applicable here.

In the case at bar, the appellant Willie Humphries had denied, prior to his alleged mistreatment, that he knew who had staged the holdup and robbery; and the proof shows that he was a member of the party, which included the chief prosecuting witness, at the time of the commission of the crime, and, for which he was later charged as an accomplice. He testified, in substance, on the preliminary inquiry before the court, out of the presence and hearing of the jury, regarding the alleged confession, that after he had been placed in jail at a late hour on the

night of the robbery, a police officer came and got him, and asked him at the time, "Did you see them writing something in there? and that he replied, "No, sir, I didn't see nobody." That the officer asked about the robbery and that he denied having anything to do with it, and that the officers thereupon stated "Well, you will tell us"; whereupon the appellant was taken to another room, and, as he says, was hung upon what is called a "mule." This contrivance is improvised, as the appellant contends, by taking an iron rod and inserting it between the chest and arms of a prisoner after handcuffing his hands under his knees, and then placing one end of the rod on one table and the other end on another, when the stool on which the prisoner is seated is then kicked from under him and he is left hanging in mid air, where he is whirled around the iron rod and thereby tortured to procure a confession; that if necessary to induce the prisoner to agree to make a confession, he is also beaten and otherwise tortured. It is unthinkable to us that such methods would be used in a civilized country in order to obtain and use against an accused a confession of crime under the guise of maintaining good government, law, and order. But whether there is any truth or not in these complaints, the jury is entitled to consider them in determining the credibility of the witnesses who may testify on the issue as to whether the alleged confession was actually signed by the accused. Where an accused admits having signed a confession, as the act of his own hand, and claims that such act was not free and voluntary, and where the evidence is conflicting, the issue is one solely for decision by the court. Bartee v. State, Miss., 177 So. 355; Allen v. State, supra, and numerous cases therein cited. But where the accused makes the claim that his signature or mark was placed on an alleged confession while his hand was being held and moved by another, and the same is admitted in evidence before the jury against him, the jury is entitled to the

benefit of all the antecedent facts and circumstances that may throw light on the issue as to whether he had ever signed a confession at all.

Reversed and remanded as to the appellant Willie Humphries; and reversed and judgment here for the appellant Richard Harris.