ELLIOTT v. STATE.

(Division B. June 5, 1939.)

[189 So. 796. No. 33639.]

**Lee M. Russell,** of Jackson, for appellant.

**E. R. Holmes, Jr.,** Assistant Attorney-General, for the
state.

Argued orally by **Lee M. Russell**, for appellant.

**McGehee, J.**, delivered the opinion of the court.

From a conviction of the grand larceny of a steer, this appeal is prosecuted. The evidence was largely circumstantial, except for the fact that the state was permitted to offer evidence as to an agreement had at a former term of the court, whereby the appellant was to enter a plea of guilty upon the understanding that he would receive a sentence of only one year in the state penitentiary, and that the case was to be continued for that term in order that the sentence might not be imposed and take effect until the following term of the court. The minutes of the court at the former term disclosed only that the appellant was arraigned, entered a plea of not guilty, and that the case was continued by agreement for the term. The circuit clerk was offered as a witness by the state and testified that at the time of the continuance of the cause, an agreement to the foregoing effect was stated to the court by the prosecuting attorneys in the presence of the appellant, and that he assented thereto. Thereupon, the attorney who had represented the appellant at the former term. was introduced by his present counsel and testified to having made the agreement with the prosecuting attorneys on behalf of the appellant, but that

he had advised the appellant to consent to that disposition of the case for the reason that the state's witnesses were all white men and that the witnesses for the appellant were all colored; and that he thought it was best for the appellant to accept the sentence of one year in the penitentiary rather than take the chance with a jury of receiving a longer sentence. He then undertook to testify that the appellant was protesting all the while and was maintaining that he was innocent of the crime; that he finally induced him to submit to the arrangement, but that he was dissatisfied therewith; and that because of this agreement which the attorney had advised him to make, the appellant asked to be allowed to secure the services of another attorney, which was done. The testimony of the first attorney, whereby he undertook to disclose that the appellant did not consent willingly to the entry of such plea, was excluded, and the inquiry was confined to what occurred in open court, wherein the appellant made no audible objection to the agreement stated to the court by the prosecuting attorneys and assented to by his own counsel.

From the foregoing, it clearly appears that the agreement for the entry of the plea of guilty at the former term, which was not in fact entered of record as a judicial confession or plea of guilty, was used against the appellant on the trial as a confession of guilt of the crime with which he was charged. Before this alleged confession could be used as evidence, it was necessary for the trial judge to first determine from all of the antecedent facts and circumstances whether or not it had been freely and voluntarily made. Hunter v. State, 74 Miss. 515, 21 So. 305; Johnson v. State, 107 Miss. 196, 65 So. 218, 51 L. R. A. (N. S.) 1183; Brown v. State, 142 Miss. 335, 107 So. 373; Stubbs v. State, 148 Miss. 764, 114 So. 827; Buckler v. State, 171 Miss. 353, 157 So. 353; Bartee v. State, 180 Miss. 141, 177 So. 355; Allen v. State, 180 Miss. 418, 177 So. 787; and Humphries et al. v. State, 181 Miss. 325, 179 So. 561. And, we are of the opinion that

the court could not have determined this issue without the benefit of the excluded testimony, which, in the case at bar, would have shown that the alleged confession was not free and voluntary. Moreover, it also clearly appears that this alleged confession, even though agreed to by the appellant, was induced by the promise of leniency as to the sentence to be imposed. Under the facts and circumstances testified to, we do not think it was competent as evidence against the accused.

The cause will therefore be reversed and remanded for a new trial.

Reversed and remanded.