## McDowell *v.* State.

(In Banc.  Nov. 11, 1940.)

[198 So. 564.  No. 34189.]

Holcomb & Curtis, of Clarksdale, for appellant.

618

**W. D. Conn, Jr.,** Assistant Attorney-General, for appellee.

McGehee, J., delivered the opinion of the court.

This appeal is from a conviction of manslaughter. The appellant, Henry McDowell, shot and killed Lester Dean. It was shown that about a year prior to the killing, Lester Dean left the woman with whom he was living, but to whom he was not married, and induced the wife of the appellant to go and live with him in the State of Arkansas. Thereafter, the appellant and the woman with whom Lester Dean formerly lived, began living together as husband and wife. Her name was Ida Bell, and she was the only other eyewitness to the homicide, which occurred in the home where she and the appellant were residing and at a time when Lester Dean was a wrongful trespasser therein. It seems that Dean had just returned from Arkansas and while he was en route to the home of the appellant, shortly before the killing, the two met some distance from the house, and Dean boasted that he was going to appellant's house to see Ida Bell, and stated in effect that he was going to make her come back to live with him. Thereupon, the appellant warned him not to go to his home and raise a disturbance. Others were present when this incident occurred. Thereupon, appellant went on to town, but soon returned to his home where he found Dean in a quarrel with Ida Bell, and was threatening to kill her and appellant if she did not come back and live with him. She was confined to bed with a two weeks old baby at the time. It was shown that Dean was drinking, and that he was a large and able-bodied man who had a bad reputation as to peace or violence. He was repeatedly ordered to leave the house by both Ida Bell and the appellant. Finally, according to the testimony of Ida Bell, who was introduced as a witness by the State, and that of appellant, as the only eyewitnesses, Dean arose and while continuing to make threats

of violence and to declare that she had to come back to him, he reached his hand into the bosom of his shirt as if to draw a weapon, while walking backward toward the door, and the appellant then reached for his rifle and fired, the fatal shot taking effect behind Dean's shoulder as he turned.

There was no conflict between the State's testimony and that of the appellant as to how the killing occurred, except that it was shown that after the appellant had given himself up and was in the custody of the constable, he related to said officer the facts as later detailed by both himself and Ida Bell on the witness stand, but presently retracted his statement in regard to Dean's having reached his hand into his bosom in a threatening manner before appellant seized the gun and shot him. This retraction was made after the constable had questioned the truth of the appellant's contention in that regard and had said to him, "You might as well tell the truth, so we can get the facts of it, and we will make it as light as we can." The alleged confession to the officer was therefore clearly involuntary within the legal sense, and was consequently incompetent. However, it was not objected to, nor was there any motion made to exclude it. The failure of the Court to exclude the officer's testimony, of his own motion, under such circumstances would not of itself justify a reversal. Loftin v. State, 150 Miss. 228, 116 So. 435; Wohner et al. v. State, 175 Miss. 428, 167 So. 622; Fisher v. State, 145 Miss. 116, 110 So. 361. But it was urged upon a motion for a new trial that the verdict of the jury was contrary to the overwhelming weight of the testimony. And we are of the opinion that this retraction by the appellant of that portion of his original statement to the constable, made under the circumstances testified to by the officer, when weighed in the light of the positive and undisputed testimony given by the appellant and the state witness Ida Bell upon the trial as to how the killing occurred, presents such a case as to entitled the appellant to a new trial, on the

ground that the verdict was contrary to the overwhelming weight of the evidence.

Moreover, we think that the appellant should have been permitted to show all of the facts in regard to Dean's having come to his home over the protest not only of the appellant but of the plantation manager and others as well, as tending to establish Dean's state of mind and his determination to enforce his demand for Ida Bell to leave the appellant and come back to him.

Also, under the authority of the cases of Ayers v. State, 60 Miss. 709; Williams v. State, 122 Miss. 151, 84 So. 8; and Jones v. State, 170 Miss. 581, 155 So. 430, the issue submitted to the jury should have been limited to manslaughter. The failure to so limit the issue did not constitute reversible error in this case for the reason that the appellant was not found guilty of a higher offense than manslaughter. However, since a conviction of murder could not be permitted to stand under the facts shown by this record, the issue should properly be limited to manslaughter, that is to say, to the question of whether the killing was manslaughter or justifiable homicide.

Reversed and remanded.